Abner Coburn & al. *in review, versus* John Ware.

In a suit upon a note which was given by the defendant for land, and which was transferred by the payee to the plaintiff, after it was overdue, evidence is admissible to show a partial failure of consideration, growing out of the fraudulent representations of the payee, as to the value of the land and the quantity of its timber.

This action was tried at a former term, see 25 Maine Reports, 330. It now comes up, on review, for trial before Tenney, J.

The original action was of assumpsit, in favor of the present

defendant, upon a promissory note, dated June 24th, 1835, for $2250, payable to John M. Pollard or order in two years, with interest annually, and negotiated to the original plaintiff after it became due. The note was one of several notes, given for a deed of warranty of half a township of wild land, the rest of which, and part of the note in suit, have been paid.

There had been no offer on the part of the purchasers, the plaintiffs in review, to reconvey the land; or any attempt to rescind the bargain. The original defendants offered to prove that the note was given in part consideration for said land, and that the whole sum, which was ten thousand dollars, had been paid, except the sum now due on this note, and that a much larger sum had been paid than the value of the land. They further offered to prove, that they were induced to purchase the land by the fraudulent representations and certificates of said John M. Pollard, as to the value of the land and the amount of timber thereon. The Judge excluded the evidence for the purposes of this trial, and the defendants in the original action were defaulted, subject to the opinion of the Court.

If that exclusion of the evidence was erroneous, the default is to be taken off.

*Bronson* and *Kidder*, for plaintiffs in review, decline to argue the case. They merely advert to *Hammatt* v. *Emerson*, 27 Maine, 308.

*Hutchinson*, for the defendant in review.

1. The offered evidence was properly excluded, under the circumstances of this case, there having been no offer to rescind the contract.

2. Total failure of title, and nothing short of that, could furnish a good defence to the note. No failure of title is pretended. *Howard* v. *Witham & al.* 2 Greenl. 390.

3. If fraudulent representations were in fact made, the plaintiffs in review, by their conduct, by keeping the property, long acquiescence, and paying the notes, as the same became due, waived the right to make this defence, especially against a stranger, a purchaser induced by this very conduct of the plaintiffs in review. 2 Stark's Ev. 641; 7 East, 48; Sugden's

V. & P., 192; Long on Sales, 139; 15 Mass. 319; 3 Greenl. 30; 14 Maine, 364; 7 Greenl. 70; 3 Johns. Ch. 23, 400; 18 Maine, 418; 15 Maine, 332; 22 Maine, 511; 12 Pick. 307.

SHEPLEY, C. J. orally. — It is the opinion of the Court that the excluded testimony was receivable. The point has been acted upon in *Hammatt* v. *Emerson*, 27 Maine, 308.

> *Default taken off, and .*
> *the action to stand for trial.*