ROBERT RASBERRY *vs.* WYATT MOYE.

The question in this case is, whether a partial failure of consideration to a promissory note or bill single can be set up. *Held*, in cases upon instru-ments for a sum certain, if introduced under a special *plea, this defence can* be made. *Brewer* v. *Harris*, 2 S. & M. 87, 88; *Harman* v. *Sanderson*, 6 Ib. 42, cited and confirmed.

Where a party makes a defence of only partial failure of consideration, an offer to return the article purchased is not necessary.

The instructions asked by the defendant below were too broad for the testi-mony, except the eighth; and this instruction is correct as an abstract question; but the jury must say from the testimony, whether the defendant below is entitled to the benefit of the rule of law in this case.

In error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

This is an action of debt brought by the defendant in error, against the plaintiff in error (Rasberry) in the circuit court of Monroe county. The action was founded upon a writing obligatory executed by Rasberry to Moye on the 18th of De-cember, 1847, for $750; one third payable the 1st of March, 1849; one third 1850, and one third 1851. The pleas filed were, 1, payment; 2, fraud; 3, want of consideration; and 4, failure of consideration. The case being submitted to a jury, the plaintiff read his writing obligatory. The defendant read his bill of sale from Moye for a negro, which contained an express warranty of soundness. The jury found a verdict for the plaintiff, from which decree the defendant prayed a writ of error.

*Houston & Adams*, for appellant,

Contended that our courts have decided that a return or offer to return a chattel warranted is not necessary. *Ferguson* v. *Oliver*, 8 S. & M. 338; 1 Rawl. 23; 3 Stew. & Port. 322; 18 Wend. 425. Nor is it necessary to show that the chattel

was entirely in order, that defendant below might avail himself of the defence of failure of consideration. 2 S. & M. 87, 88; 6 Ib. 42, 43. That a partial failure of consideration may be set up in mitigation of damages in an action at law, is now the settled rule.

*R. Davis,* for appellee.

Did Rasberry not purchase with a full knowledge of all the facts before him? And can he be permitted to complain under the circumstances? These inquiries are answered by the following authorities: *Bunnett* v. *Anderson,* 5 How. 165; 2 Kent, 382; Sugd. on Vend. 283; 10 Ves. jr. 505.

Whether the charges given by the court to the jury be right or wrong, is wholly immaterial if it should be believed that the verdict was right. 5 S. & M. 508; 1 Ib. 381, 400.

Unliquidated damages are not the subject of offset. 8 S. & M. 248; *Whitaker* v. *Robinson,* 6 John. Ch. R. 351.

If one would avoid a sale for fraud, he must not retain any part of the consideration he received from the other. *Kimball* v. *Cunningham,* 4 Mass. R. 502; 22 Pick. 546.

With the above principle the case of *Ferguson* v. *Oliver,* 8 S. & M. 338, in no wise conflicts. In that case the defence went to the whole note; not so in this.

Mr. Justice FISHER delivered the opinion of the court.

The only question in this case necessary to be decided is, Whether a partial failure of consideration can be set up in an action on a promissory note or bill single.

This defence can be made in cases upon instruments for a sum certain, if introduced under a special plea. This point appears to have been so decided by this court in the case of *Brewer* v. *Harris,* 2 S. & M. 87, 88; *Harman* v. *Sanderson,* 6 Ib. 42.

Where a party makes a defence of only a partial failure of consideration, an offer to return the article purchased is not necessary.

The instructions asked by the defendant below were too broad for the testimony, except the eighth. This instruction

is correct as an abstract question, but must be construed with the testimony in the cause; and the jury must say from the evidence, whether the defendant is entitled to the benefit of the rule of law in this case.

Judgment reversed.    New trial granted.