FRANCIS GARLAND *versus* PELEG SPENCER.

A creditor who had been induced, by the fraud and deceit of his debtor, to take a certain article in payment and discharge of his account, having afterwards discovered the fraud, brought an action on the account, without returning or offering to return the article named; — *and it was held,* that the action could not be maintained, the property having been received in *payment* of the demand, and not for an indefinite sum thereafter to be ascertained.

The remedy, in such case, there being no rescission of the contract, is by an action on the defendant's warranty, if any was made, or by an action on the case for damages sustained by reason of the defendant's fraudulent misrepresentations.

EXCEPTIONS from the ruling of KENT, J.

ASSUMPSIT on an account. The case was referred to the Court, reserving the right to except. The plaintiff proved his account of $62, against the defendant.

Garland *v.* Spencer.

The defendant produced a receipt given to him by plaintiff, which was as follows:—

"Bangor, Jan. 2d, 1859.

"Received of Peleg Spencer his two horse wagon in payment of all demands to date."

The bill of sale of said wagon was as follows:—

"Bangor, Dec. 31, 1858.

"I have this day sold F. Garland & Co., my two horse wagon, the same I had of Parlin, for the sum of seventy-five dollars, and I agree to deliver the same wagon to Luther Mariner in Milford.        "Received pay, Peleg Spencer."

The defendant delivered a wagon he bought of Parlin to Mariner on the 1st day of January, and Mariner, in writing, on the same day, notified the plaintiff that it had been thus delivered to him.

The evidence in the case established the fact of such fraudulent and deceitful acts on the part of the defendant as authorized the plaintiff to rescind the contract *in toto.*

But the plaintiff did not, when he discovered the fraud and the facts, return the wagon thus left with Mariner, as the defendant contended he should have done, in order to the maintenance of this action, nor did he notify the defendant of his intent to rescind the contract; but the wagon has remained at the same place where it was delivered, and in Mariner's possession.

On this finding of the facts, the presiding Judge ruled, as matter of law, that the plaintiff could not rescind the contract *in toto,* without returning the wagon, but that he should be held to account only for the actual value of the wagon, at the time of the delivery, which was found to be $40, and recover the balance between that value and the amount of debt and interest due from the defendant, which balance is $24,55, and the Court gave judgment for the plaintiff accordingly.

The defendant excepted.

*J. H. Hillard,* in support of the exceptions.

*Blake & Garnsey, contra.*

The opinion of the Court was drawn up by

APPLETON, J.—The plaintiff, having an account against the defendant, received from him a wagon in payment of the same, and gave a receipt in full for the amount due. He now alleges there was fraud and misrepresentation in reference to the wagon, and, claiming the right to rescind the settlement, brings this action upon his original demand. This he does without returning, or offering to return, the wagon received in discharge of his claim.

The law is well settled that, if a party would rescind a contract on the ground of fraud, he must return, or offer to return, what may have been received under such fraudulent contract. The rescission, if made, must be for the whole. If the party defrauded does not choose to rescind the contract, he may recover in an action upon the defendant's warranty, if one was made, or, in case, for damages sustained by reason of the defendant's fraudulent misrepresentations. Neither the defendant delivered, nor the plaintiff received, the wagon, but as in payment of the demand in suit. It was no part of the contract that it was to be in payment for an indefinite sum, thereafter to be determined. The plaintiff, still retaining the wagon and not offering to return the same, cannot maintain his action upon the demand in discharge of which he received it. *Tisdale* v. *Buckmore*, 33 Maine, 461 ; *Coolidge* v. *Bridgham*, 1 Met. 547. The same doctrine is affirmed in *Cook* v. *Gilman*, 34 N. H., 557, in a case almost identical in its facts with the one before us, and in which the law is fully considered in the learned opinion of Mr. Ch. Jus. PERLEY.

Such, too, is the law in England. In *Clark* v. *Auchmuty*, 1 Ell. Black. & Ell., 148, (96 E. C. L., 148,) it was recently held that a person induced by fraud to enter into a contract, under which he pays money, may, at his option, rescind the contract and recover back the price, as money had and received, if he can return what he has received under it. But when he can no longer place the parties *in statu quo*, as if he has become unable to return what he has received in the same

plight as that in which he received it, the right to rescind no longer exists; and his remedy must be by an action for deceit, and not for money had and received. In delivering his opinion, CROMPTON, J., says, " when once it is settled that a contract induced by fraud is not void, but voidable at the option of the party defrauded, it seems to me to follow that, when that party exercises his option to rescind the contract, he must be in a state to rescind; that is, he must be in such a situation as to be able to put the parties into their original state before the contract.  *  *  *  The true doctrine is, that a party can never repudiate a contract after, by his own act, it has become out of his power to restore the parties to their original condition."                              *Exceptions sustained.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, DAVIS, and KENT, J. J., concurred.