[No. 6,669.—In Bank.]

## JOSEPH C. COLLINS v. CLARENCE F. TOWNSEND.

FRAUD—RESCISSION OF CONTRACT.—A person desiring to rescind a contract because of fraud, must, so far as his action can do it, restore the parties to their former condition within a reasonable time.

ID.—ID.—REASONABLE TIME.—The defendant purchased of the plaintiff certain stock for the sum of —— dollars, and pledged the stock to the plaintiff to secure promissory notes given for the purchase money. The contract was procured by fraudulent representation made by the plaintiff to the defendant with reference to the value of the stock, the falsity of which was discovered by the defendant about the 1st of January, 1873, after paying six hundred dollars of the purchase money. November 13th, 1874, the stock was sold by the plaintiff for nineteen dollars and sixty cents, and the proceeds applied upon the notes. An action to recover on one of the notes was commenced January 4th, 1876, and the answer filed May 22d, 1876: Held, That the defendant had not sought to rescind within a reasonable time.

CONSTRUCTION OF PLEADING.—A pleading must be taken most strongly against the pleader.

PLEADING—WANT OF CONSIDERATION.—The defendant pleaded that the note sued upon was obtained by false and fraudulent representations made to to him by the payee, and without consideration therefor.

Held, That the latter words did not constitute an independent and separate allegation of facts, the evident meaning being, that the note was without consideration, because of the false and fraudulent representations referred to.

FRAUD—RESCISSION OF CONTRACT—NEW TRIAL—APPEAL.—Held, upon reversal on the appeal, that the case is one in which a new trial should be had if either party desired it.

APPEAL from a judgment for the defendant in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

*James C. Cary*, for Appellant.

Conceding that defendant was induced to make the pur-

chase by the false and fraudulent representations of plaintiff, that constitutes no defense to the payment of the note so long as the contract remains unrescinded. The contract here has never been rescinded. (*Gifford* v. *Carvill*, 29 Cal. 592.)

*J. B. Townsend*, for Respondent.

The case of *Gifford* v. *Carvill*, cited by appellant's counsel, originated prior to the year 1866, and was decided by the Supreme Court in April of that year. At that time no law similar to section 439, Code Civ. Proc., existed in this State, but a defrauded party had all of the three remedies allowed at common law. We submit that the case of *Gifford* v. *Carvill* ought not to be held decisive of the present case, especially in the present changed condition of the remedies, in cases of fraud, now allowed and compelled to be sought under our Code of Civil Procedure. The very case cited in *Gifford* v. *Carvill* as foundation for it, to wit, the case of *Herrin* v. *Libby*, 36 Me. 357, as quoted by our Supreme Court, clearly shows the choice of remedies possessed by the injured party, to either rescind and repudiate the contract *in toto*, " or to affirm the contract and claim compensation or damages for the injury he has sustained by reason of the fraud." The case of *Burton* v. *Stewart*, 3 Wend. 239; S. C., 20 Am. Dec. 692, decides only that it was too late to rescind the contract and treat it as void when sued on the note for the purchase money; not that the injured party might not, whilst affirming the contract, deduct or recoup the damages which he had sustained by the fraud. We further submit that the case of *Gifford* v. *Carvill* was, as is manifest from the opinion itself, decided wholly in view of the rights of a party who attempted and claimed to rescind the contract, and that to apply its doctrines to a case like the present, where an injured party does not attempt to rescind, but only to recoup the amount of damages which he has sustained by the fraud of the plaintiff, would be contrary to the established law, not only of England, but of all of our sister States. (*Burton* v. *Stewart*, 3 Wend. 238; *Wheaton* v. *Baker*, 14 Barb. 394; *Beecker* v. *Vrooman*, 13 Johns. 302; *Hazard* v. *Irwin*, 18 Pick. 102; *Borrekins* v. *Bevan*, 3 Rawle, 44; S. C., 23 Am. Dec. 85; *Voorhees* v. *Earl*, 2 Hill, 288; *Harrington* v. *Stratton*, 22 Pick. 510.)

· The COURT in Bank:

As the opinion of Department One contains a correct exposition of the law applicable to this case, we adopt the same as the opinion of the Court in Bank.

On reversing the judgment of the Court below this Court remanded the case to that Court for a new trial. Appellant's counsel moves that the judgment of this Court be so modified as to direct the Court below to enter a judgment in favor of the plaintiff and against the defendant. This motion must be denied. We are of the opinion that the case is one in which a new trial should be had if either party desires it.

Motion denied.

THORNTON, J., dissenting:

I dissent. This action was brought to recover a balance alleged to be due on a promissory note given for the purchase money of certain shares of stock by defendant to plaintiff. The defendant set up several defenses to the action, which, as far as material, will be noticed hereafter. Judgment passed for the defendant, and plaintiff appealed.

There was no attempt made to rescind the contract. We do not understand the respondent to urge that the contract was rescinded, or that the judgment of the Court below should be upheld on any such ground. But he contends that there is nothing due on the note by reason of the fraud set out in the first defense of the answer, the facts stated in which defense were admitted to be true, that he (the plaintiff) has been damaged to the full amount of the sum claimed as due on the note, and therefore the Court below adjudged correctly, and its ruling should be sustained.

The point here urged was not considered or even adverted to in *Gifford* v. *Carvill*, 29 Cal. 589.

Upon a sale of goods or chattels where there is a breach of warranty as to quality or where the purchase has been induced by fraudulent representations, the purchaser had under our jurisprudence a right: First, to rescind the contract promptly, and to recover back whatever he had paid; second, to bring an action for deceit on account of the fraud or false warrant; or third, to affirm the contract, as it was made, and

recover whatever damages he has suffered by reason of the fraud or false warranty. (*Merril* v. *Nightingale*, 39 Wisc. 247; *Smith* v. *Dunham*, 2 Kerr, N. B., 630; *Coventry* v. *M'Eniry*, 13 I. R. C. L. 160; *Carey* v. *Guillow*, 105 Mass. 18.) Nor is this rule changed by the fact that a note or other security has been given for the purchase money, and an action has been brought on such note or security. (*Harrington* v. *Stratton*, 22 Pick. 510; *Perley* v. *Balch*, 23 id. 283; *Mixer* v. *Coburn*, 11 Metc. 559; *Westcott* v. *Nims*, 4 Cush. 215; *Cook* v. *Castner*, 9 id. 266; *Burnett* v. *Smith*, 4 Gray, 50; *Rasberry* v. *Moye*, 23 Miss. 320; *Burton* v. *Stewart*, 3 Wend. 236; S. C., 20 Am. Dec. 692; *Spalding* v. *Vender-Cook*, 2 id. 431; *Coburn* v. *Ware*, 30 Me. 202; *Hitchcock* v. *Hunt*, 28 Conn. 343; *Albertson* v. *Hallway*, 16 Ga. 377. See Benjamin on Sales, 3d Am. ed. § 894, note a; § 902, note a.)

It should be noted that the action for deceit can not under our system be now maintained, as an independent action, unless it is commenced before the action is brought to recover the purchase money. If not brought prior to the action for the purchase money, it must be set up as a counterclaim in such action. If the defendant omit to avail himself of it in such action, he can not afterwards maintain it. (Code Civ. Proc., § 439.)

In our judgment the counterclaim of fraud has been really and substantially set up in this action. It is done inartificially, but still the allegations are sufficient to notify the plaintiff what is meant. The following facts appear from the pleadings : The shares of stock sold to the defendant were pledged as security for the payment of the note sued on. The note was for three thousand dollars, and was payable in monthly installments of two hundred dollars, with interest. Eight of these installments, amounting to one thousand six hundred dollars, were paid; and on a subsequent failure to pay, the shares of stock were sold and brought the sum of nineteen dollars and sixty cents. These facts are alleged in the complaint, and are not denied in the answer. The plaintiff, it appears, had received on the fraudulent transaction one thousand six hundred and nineteen dollars and sixty cents. The facts constituting the fraud are set forth in the first defense in the answer, and are admitted by the parties to be true in a stip-

ulation which appears in the transcript. This first defense, so called, concludes with these words: "And said defendant says that said note was obtained from him, this defendant, by the said Plaw and Collins, by and through the fraud and false and fraudulent representations, statements, and assurances aforesaid, and without consideration therefor, and that no money whatever was ever, or is now, justly or at all due from this defendant to said plaintiff thereon, or on account thereof."

If the defendant had averred that in consequence of the fraud by which the note was obtained, he had sustained damages in the sum of three thousand dollars, we can not see that there could be any doubt that the counterclaim was properly set up. In our judgment, he has alleged what is equivalent to it, when he avers, that in consequence of the fraud set up, there never was anything due on the note. But it may be said, that when the note is offered and received in evidence, these allegations are disproved, as the note does not bear on its face evidence that it was procured by fraud. We can not see that this result follows. That nothing is due, is averred to be the consequence of the fraud set up in the answer; and as the note itself shows no evidence of fraud, the contention above mentioned can not be maintained.

It is also pleaded by the defendant as follows: "And for a further and third answer to said complaint, said defendant says that the supposed consideration upon which said note was executed and delivered by this defendant to said plaintiff, has failed.

" And for a further and fourth answer to said complaint, said defendant says that the supposed consideration upon which said note was executed and delivered by this defendant to said plaintiff, has failed to an amount equal to, and much larger than the balance remaining unpaid thereon."

Here are set up defenses of failure of consideration in two phases—and under these the defense here urged can be made. Now, if the purchaser keep and use the goods after the fraud is discovered, he will thereby make them his own, and can not subsequently return them to the vendor. (*Weed* v. *Page*, 7 Wis. 503; *Garland* v. *Spencer*, 46 Me. 528.) But he has his election to give the fraud in evidence as *proof of failure of consideration* in any action brought to recover the purchase

money, *or* to make it a distinct and independent ground of recovery in an action for the *deceit.* (*Burton* v. *Stewart,* 3 Wend. 238; S. C., 2 Am. Dec. 692; *Beecker* v. *Vrooman,* 13 Johns. 302; *Harrington* v. *Stratton,* 22 Pick. 510; 1 Smith's Lead. Cas., part I., 6th Am. ed., 334; notes of H. and W. to *Chandelor* v. *Lopus.*) That the false representations admitted to have been made amount to a warranty, see Benjamin on Sales, 3d ed., §§ 610, 613, 644, 690, and cases cited in notes; and therefore the cases which refer to warranty and the right of a purchaser to recoup for its breach, apply to fraudulent representations.

It may be added here, that it seems to be law in England at this day, that the right of the purchaser to recoup in damages can only be availed of when he is sued for the price of the goods, and can not be used by him when sued on a bill or note given for the purchase money; but the current of authority in the United States is the other way, and the purchaser is allowed to recoup when sued on a bill or note given for the price of the goods, as well as when sued for the price (see 1 Smith's Lead. Cas. 341, and cases cited) of the goods sold. We think the latter rule the best, and more in accordance with the rulings of this Court.

While the right to rescind must be exercised promptly, and will be lost by unreasonable delay on the part of the purchaser (*Buchenau* v. *Horney,* 12 Ill. 336; Benjamin on Sales, 3d ed., § 452, and cases cited in notes), he can wait and use it to recoup when sued for the price or the bill or note given for the price, or he may bring an independent action to recover damages for the deceit. The affirmance of a contract by the vendee after discovery of the fraud, merely extinguishes his right to rescind. His other remedies remain unimpaired. (*Whitney* v. *Allaire,* 4 Denio, 554; *Herrin* v. *Libbey,* 36 Me. 357; *Peck* v. *Brewer,* 48 Ill. 55; *Weimer* v. *Clement,* 37 Pa. St. 147; *Van Epps* v. *Harrison,* 5 Hill, 68; *Foulk* v. *Eckert,* 61 Ill. 318; *Lilley* v. *Randall,* 3 Col. 298; *Miller* v. *Barber,* 66 N. Y. 558; *Johnson* v. *Luxton,* 9 J. & Sp. 481; *Lexow* v. *Julian,* 14 Hun, 152; *Ranney* v. *Warren,* 17 id, 111.)

In accordance with the above, the defendant in this case lost no right to recoup in damages or to set up failure of con-

sideration by reason of fraud or breach of warranty, by waiting until he was sued on his note.

The judgment should be affirmed.

The following is the opinion rendered in Department One:

McKINSTRY, J.:

The action was brought upon a promissory note, given by defendant on the 17th day of April, 1872, in part consideration for certain stock of Homestead Associations, and the defense is that defendant was induced to purchase the stock by false representations of plaintiff, that the lands of the Homestead were unincumbered, while in fact they were largely incumbered. Plaintiff having proven his complaint *prima facie*, defendant submitted his case upon the stipulation following: "For the purposes of this action, it is hereby admitted that the facts stated in the first defense of defendant's answer, filed herein, are true."

The defendant, amongst other matters, avers in the first count of his answer: "This defendant has since said 17th day of April, 1872, and prior to the discovery hereinafter mentioned, paid to said Collins, in installments, upon the said promissory note, the sum of sixteen hundred dollars in United States gold coin. That *shortly after* the payment of the last of the said installments above mentioned, the defendant discovered"—the representations of plaintiff to be false.

The pleading being taken more strongly against the pleader, it must be presumed that the discovery of the fraud was immediately after the 1st of January, 1873—the date when the eighth installment would become due.

The complaint herein was filed February 4th, 1876; the answer May 22d, 1876.

The stock purchased by defendant was pledged to plaintiff as security for the payment of the note sued upon. Under the contract of pledge the stock was sold on the 13th of November, 1874, for the sum of nineteen dollars and sixty cents, and the proceeds applied upon the note.

In *Gifford* v. *Carvill*, 29 Cal. 592, it was said by the Supreme Court of California: "Appellant insists that, although

the matters alleged and claimed to have been proved might, if true, have justified the defendant in rescinding the contract, and returning the stock, yet, until such rescinding and return, they constituted no defense to an action on the note; *and such is the general rule upon the subject.* In *Herrin* v. *Libbey,* 36 Me. 357, the rule is expressed in the following language, namely: ' The rights of a party who has been defrauded in making a contract, are, on the discovery of the fraud, *within a reasonable time,* to rescind the contract and restore the parties to their former condition, or to affirm the contract and claim compensation or damages for the injury he has sustained by reason of the fraud.' In *Burton* v. *Stewart,* 3 Wend. 239; S. C., 20 Am. Dec. 692, the Court says: 'Had they intended to treat the contract as void, on the ground of fraud, it was their duty, when they discovered that the mare was not such as the plaintiff had represented her to be, to have restored her to the plaintiff. When prosecuted on the note, and the cause brought to trial, it was too late to repudiate the contract.' (See, also, *Kimball* v. *Cunningham,* 4 Mass. 502; S. C., 3 Am. Dec. 30; *Norton* v. *Young,* 3 Greenl. 32; *Campbell* v. *Fleming,* 1 Ad. & E. 40.) These authorities state the rule correctly *in all cases* where the property purchased is of the slightest value to any one."

It will be observed that in the first count of the answer there are no averments of damage sustained by defendant by reason of the fraud—the defense is evidently intended as a repudiation of the contract; a claim that it is *void* by reason of the fraud. From the 2d of January, 1873, until the 13th of November, 1874—a period of more than twenty-two months, during the first eight months of which eight installments, of two hundred dollars each, became due—the defendant took no step to rescind the contract by notice to plaintiff or otherwise. While the contract continued unrescinded the plaintiff could sell the stock and apply the proceeds to the note only in case the three thousand dollars was not paid at the end of fifteen months, from the 1st of June, 1873—when the last installment became due. Defendant did not have manual possession of the stock ; plaintiff had that. But a return of the property is only one mode of putting the parties in *statu quo.* If the vendor has retained possession of the property sold, as

security or otherwise, the purchaser may indicate his intention to rescind and notify the seller that he abandons all right or claim to the property. If he fails to do this under such circumstances he is equally at fault as if, having received the property, he should refuse or neglect to return or tender it. As we have seen, the person desiring to rescind a contract because of fraud must restore—so far as his action can do this—the parties to their former condition *within a reasonable time.*

Here the evidence fails to show that the contract was rescinded. It may be that after the stock was sold by the pledgee, nothing would be accomplished by going through the form of offering to return that of which defendant never had the actual possession, but if the defendant intended to rescind his contract he should have made his purpose known within a reasonable time after the discovery of the alleged fraud. Here there was no disavowal of the contract until, at least, the complaint was filed, more than three years after such discovery. The Court below should have held, that defendant had not sought to rescind within a reasonable time.

After setting forth the facts on which he relies in the first count of the answer, the defendant alleges: "And said defendant says that said note was obtained from him, this defendant, by the said Plaw and Collins, by and through the fraud and false and fraudulent representations, statement, and assurances *aforesaid,* and without consideration *therefor,* and that no money whatever was ever, or is now, justly or at all due from this defendant to said plaintiff thereon, or on account thereof."

There is nothing in the suggestion that the words "and without consideration therefor" constitute a separate and independent allegation of fact, the admission of which, by the stipulation hereinbefore recited, authorized the Court below to render a judgment for defendant. The evident meaning of the pleader was "without consideration," because of the false and fraudulent representations, statements, and assurances *aforesaid.*"

Judgment reversed and cause remanded for a new trial.

Ross, J., and McKEE, J., concurred.