[No. 13307. In Bank. — September 6, 1890.]

WILLIAM H. HAMMOND, ASSIGNEE, ETC., APPELLANT, v. EMELINE WALLACE ET AL., RESPONDENTS.

APPEAL FROM JUDGMENT — DISMISSAL. — An appeal from a judgment not taken until nearly two years after the judgment was entered will be dismissed.

REVIEW ON APPEAL — NONSUIT — ERROR OF LAW — EXCEPTION — SPECIFICATION OF INSUFFICIENCY OF EVIDENCE. — An error in granting a nonsuit is an error of law, and if excepted to and specified as such may be reviewed, without any specification of the particulars in which the evidence was insufficient.

RESCISSION OF CONVEYANCE — AUCTION SALE BY ASSIGNEE OF INSOLVENT — CONSPIRACY TO PREVENT COMPETITION IN BIDDING — UNREASONABLE DELAY — KNOWLEDGE OF ASSIGNEE — PLEADING — NONSUIT. — Where an action is brought by the assignee of an insolvent debtor to rescind and set aside a conveyance of lands of the insolvent sold at auction by the assignee, on the ground that the property was bid in at a grossly inadequate price, and that the purchaser at the sale had conspired with others to prevent competition in bidding, of which the assignee had no knowledge at the time of the sale, a delay of about one year and a half in bringing the action is unreasonable and fatal to the action, where there is no averment in the complaint that during that time the assignee did not have such knowledge, and there is no offer to amend the complaint, although the point is made on motion for a nonsuit that there is no such averment or proof.

ID. — SUFFICIENCY OF EVIDENCE — NONSUIT. — The fact that there is sufficient evidence to establish *prima facie* the alleged agreement to prevent competition at the sale is not alone sufficient to sustain plaintiff's case for a rescission of such conveyance, and it is not error to grant a motion for a nonsuit where there is a failure of other necessary averments and proofs to justify the recovery.

ID. — PROMPT RESCISSION NECESSARY. — The first requisite of rescission is prompt action, and a party cannot wait until time shall determine whether the contract sought to be rescinded turned out good or bad; and this is particularly true in a new country, where values change rapidly.

ID. — INADEQUACY OF PRICE. — Mere inadequacy of price is not alone sufficient to warrant a court in setting aside a sale.

ID. — PLEADING — EVIDENCE — NOTICE OF RESCISSION — OFFER TO RESTORE CONSIDERATION — TENDER BEFORE SUIT — CONDITION PRECEDENT. — Where there is no averment or proof of a rescission of the contract, or of any attempt to rescind before suit, and no averment or proof of any tender or offer before suit to return to the vendee anything of value received from said vendee, such defect is fatal to an action to rescind a conveyance. An offer before suit to return the purchase-money is a condition precedent to the maintenance of the action, and it is not sufficient to aver a willingness and ability to return to the defendant all the moneys

paid on the purchase of the property, and lawfully and legitimately paid out or expended on account of the purchase, and to offer to do so in the complaint.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*N. O. Bradley, P. D. Wigginton,* and *A. B. Hunt,* for Appellant.

Interfering with bidding at auctions by a combination among the bidders not to bid, or to refrain from bidding, renders the sale void as against public policy, and this doctrine is especially applicable to judicial sales. (*Dudley* v. *Odom,* 5 S. C. 131; 22 Am. Rep. 6; *Cocks* v. *Izard,* 7 Wall. 559, 562; 1 Story's Eq. Jur., sec. 293; 2 Pomeroy's Eq. Jur., sec. 934, p. 444, and cases cited; Wait's Actions and Defenses (1879), pp. 91–93, secs. 1, 2; *Swan* v. *Chorpenning,* 20 Cal. 182; *Wooton* v. *Hinkle,* 20 Mo. 292; 1 Wharton on Contracts (1882), sec. 443, p. 616; *Hook* v. *Turner,* 22 Mo. 333; *Hanley* v. *Cramer,* 4 Cow. 717; *Gardiner* v. *Morse,* 25 Me. 142; *Martin* v. *Evans,* 2 Rich. Eq. 355, 368; *Jones* v. *Caswell,* 3 Johns. Cas. 29; 2 Am. Dec. 134; *Doolin* v. *Ward,* 6 Johns. 194; *Ray* v. *Mackin,* 100 Ill. 246; *Smull* v. *Jones,* 1 Watts & S. 136; *Jenkins* v. *Frink,* 30 Cal. 592; 89 Am. Dec. 134; *Packard* v. *Bird,* 40 Cal. 383.) If the sale was void nothing passed by the sale, and no one who was connected with the fraud can claim any profit from the purchase. (*Smull* v. *Jones,* 1 Watts & S. 128; *Swan* v. *Chorpenning,* 20 Cal. 182; *Jenkins* v. *Frink,* 30 Cal. 592; 89 Am. Dec. 134; *Martin* v. *Wade,* 37 Cal. 175; *Packard* v. *Bird,* 40 Cal. 383; *Martin* v. *Evans,* 2 Rich. Eq. 368; *Dudley* v. *Odom,* 5 S. C. 131; 22 Am. Rep. 6.) The respondent stands in the position of an involuntary trustee, and to account for the rents and profits. (Civ. Code, sec. 2224; 1 Pomeroy's Eq. Jur., sec 155; 1 Perry on Trusts, sec. 166.) The evidence shows that the respondent had

in her hands a much greater sum of money received by her for the use and occupation of the land than the sum paid by her to the appellant. Therefore it was wholly unnecessary for the appellant to tender the sum received to the respondent before commencing suit. (*Allerton v. Allerton*, 50 N. Y. 670; *Harris v. Equitable Life Assurance Society*, 64 N. Y. 200; *Watts v. White*, 13 Cal. 323.) When a contract is void, on the ground that it is contrary to public policy, the principles of rescission do not apply. (*Martin v. Wade*, 37 Cal. 168; *Seylar v. Carson*, 69 Pa. St. 86; *McCaskey v. Graff*, 23 Pa. St. 326; *Jackson v. Summerville*, 13 Pa. St. 368; *Sands v. Codwise*, 4 Johns. 536; *Gilbert v. Hoffman*, 2 Watts, 68; 26 Am. Dec. 103.) In cases of actual fraud, a tender of the amount paid, or of the thing received, is not required of one commencing suit. (1 Perry on Trusts, sec. 166; 1 Wharton on Contracts, sec. 285, p. 425; *Guerrero v. Ballerino*, 48 Cal. 118; *Hollinshead v. Simms*, 51 Cal. 158.) Swall, Bollinger, and Cartmill cannot be treated as innocent purchases, never having paid any part of the purchase-money. (1 Perry on Trusts, sec. 219.) A trustee is accountable for the rents and profits he might have received. (2 Pomeroy's Eq. Jur., sec. 1058.)

*A. N. Drown*, for Respondent.

The appeal from the judgment cannot be considered, and must be dismissed. The judgment was entered April 21, 1887. The notice of appeal was served and filed on the eighth day of April, 1889. (Code Civ. Proc., sec. 939, subd. 1; *Gray v. Winder*, 77 Cal. 526; *Voll v. Hollis*, 60 Cal. 572; *Douglas v. Fulda*, 54 Cal. 589.) As there is no appeal from the judgment, and as the bill of exceptions contained no specifications of insufficiencies in the evidence, the motion for a new trial, so far as it rested on this ground, was properly denied. (*Patent Brick Co. v. Moore*, 75 Cal. 207; *Lowrie v. Salz*, 75 Cal. 352; *Thompson v. White*, 76 Cal. 382.) The action of

the court below in granting the nonsuit cannot be re-
versed on the ground that the evidence is insufficient to
sustain the decision, as that is a ground for the review
of questions of fact, while the granting of a nonsuit is
simply an error of law. (*Schroeder* v. *Schmidt*, 74 Cal.
460.) The complaint does not state facts sufficient to
constitute a cause of action. (*Collins* v. *Townsend*, 58
Cal. 614; *Salisbury* v. *Shirley*, 53 Cal. 465; *Triscony* v.
*Orr*, 49 Cal. 617; *Rogers* v. *Shannon*, 52 Cal. 107; *Gage*
v. *Bates*, 40 Cal. 385; *Joseph* v. *Holt*, 37 Cal. 250, 257.)
Appellant did not rescind promptly. (Civ. Code, sec.
1691, subd. 1; 2 Pomeroy's Eq. Jur., secs. 817, 917.)
Even if the commencement of a suit could be consid-
ered a rescission, it was not done until about one year and
a half after the sale and conveyance which are sought
to be set aside. There is no attempt at explanation or
excuse for the delay; and it must bar a recovery. (*Bar-
field* v. *Price*, 40 Cal. 535, 542; *Marston* v. *Simpson*, 54
Cal. 190; *Collins* v. *Townsend*, 58 Cal. 615; *Burkle* v.
*Levy*, 70 Cal. 250, 254.) The rescission should have been
before suit. (*Collins* v. *Townsend*, 58 Cal. 615; *Fratt* v.
*Fiske*, 17 Cal. 385; *Gifford* v. *Carvill*, 29 Cal. 593; *Bohall*
v. *Diller*, 41 Cal. 535; *Miller* v. *Steen*, 20 Cal. 407; 89 Am.
Dec. 124; *Herman* v. *Haffenegger*, 54 Cal. 161.) Appellant
made no restoration of what he had received under the
contract. The statute requires (Civ. Code, sec. 1691, subd
2) that the party must restore, and also must use reason-
able diligence to restore, to the other party "everything
of value which he has received from him under the con-
tract." The language of the statute is purposely broad
and comprehensive. It makes no difference how slight
the value. (See *Gifford* v. *Carvill*, 29 Cal. 593; *Collins* v.
*Townsend*, 58 Cal. 615, 616; *Miller* v. *Steen*, 20 Cal.
407; 89 Am. Dec. 124; *Fratt* v. *Fiske*, 17 Cal. 385.)
Hence the requirement that a rescission, in order to be
effectual, must be *in toto*. (*Bohall* v. *Diller*, 41 Cal. 532.)
There could be no rescission, because it was impossible

to place the parties *in statu quo.* "It is well settled that under such circumstances there can be no rescission of the contract." (*Bailey* v. *Fox,* 78 Cal. 389; *State* v. *McCauley,* 15 Cal. 429, 458.) A party is not entitled to relief on the ground of fraud unless damaged thereby. (*Board of Commissioners* v. *Younger,* 29 Cal. 176; *Morrison* v. *Lods,* 39 Cal. 381.) Then, too, the legislation of our state seems to preclude a recovery in this suit. (Civ. Code, sec. 4; Pol. Code, sec. 4; Kerr on Fraud and Mistake, pp. 224, 225.) The inadequacy of consideration alleged is no ground for vacating the sale. (*Kennedy* v. *Dunn,* 58 Cal 339; *Jamison* v. *King,* 50 Cal. 132; *Smith* v. *Black,* 115 U. S. 318; *Stephenson* v. *January,* 49 Mo. 465, 468; *Laclede Bank* v. *Keeler,* 109 Ill. 385, 393.) Property at forced sale is usually sold at a sacrifice; but that fact alone does not impeach the fairness of the sale, and is not sufficient reason for setting it aside. (*Maxwell* v. *Newton,* 65 Wis. 267; *Waterman* v. *Spaulding,* 51 Ill. 425; *Hoodless* v. *Reid,* 112 Ill. 105; *Clark* v. *Trust Co.,* 100 U. S. 152.)

The COURT.— Plaintiff is the assignee in insolvency of Uhlhorn and Maples. On June 9, 1884, he caused to be sold at public auction certain lands belonging to them, and the defendant Wallace became the purchaser, and in due time received a deed of conveyance. She afterwards sold and conveyed various portions of the lands to the other defendants. On November 18, 1885, about one year and a half after the sale, this present action was brought to set aside the sale, on the alleged grounds that the property was bid in at a grossly inadequate price, and that the defendant Wallace had conspired with one Clowe and others to prevent competition in bidding. It is also averred that the other defendants purchased of Wallace with full knowledge of the alleged fraud practiced at the auction. The court below granted a nonsuit and rendered judgment for defendants, and plaintiff

appeals from the judgment, and from an order denying a
new trial. The appeal from the judgment was not taken
until nearly two years after the judgment was entered,
and it is therefore dismissed. Respondents contend that
the question whether or not the granting of the motion
for nonsuit was sustained by the evidence cannot be
considered, because there is no specification of the par-
ticular in which the evidence was insufficient; but it
seems to have been settled that an error, if any, in grant-
ing a nonsuit is an error of law, and if excepted to and
specified as such, as was done in the case at bar, may
be reviewed without any specification of the evidence.
(*Schroeder* v. *Schmidt,* 74 Cal. 459; *Donahue* v. *Gallavan,*
43 Cal. 576; *Cravens* v. *Dewey,* 13 Cal. 42.)   As to all the
defendants other than the defendant Wallace, there is
no room to doubt the correctness of the nonsuit and the
judgment. There is nothing to show that either of them
had any reason to suppose that there had been any fraud
or irregularity, if any such there was, at the auction sale,
or that there was any agreement or understanding be-
tween either of them and the defendant Wallace that the
land was, under any circumstances, to be reconveyed to
the latter. Indeed, the evidence showed affirmatively
that such was not the case. The motion for a nonsuit
on the part of defendant Wallace was made on several
grounds, and among others, that the complaint does not
state facts sufficient to constitute a cause of action; that
plaintiff was not entitled to rescind without first return-
ing and restoring, or offering to restore, to said Wallace
everything which he had received from her under con-
tract, and without doing so, or offering to do so, before
suit brought, and that there is no averment in the com-
plaint of such offer; that it does not appear from the
evidence that the plaintiff made any offer to defendants
sufficient to entitle him to a rescission or to maintain
this action; that plaintiff is not entitled to recover by
reason of his delay in bringing this action; that the

proof does not correspond with the allegations; and that " the testimony of the plaintiff does not show, or attempt to show, the alleged fraudulent conduct of the defendant set forth in the complaint in this action, and complained of herein."

It does not appear upon which or upon how many of the stated grounds of the nonsuit the court based its decision. It is contended by the appellant that there was some testimony tending to show that there was a fraudulent agreement between defendant Wallace and M. E. Clowe with respect to their bidding at the auction sale, and that the court, on a motion for a nonsuit, had no right to overlook or disbelieve that testimony. The testimony of plaintiff, Hammond, showed that he was endeavoring to make an advantageous sale of the land. He says: "I had spoken to Mrs. Wallace, Mr. Crocker, and several other persons,—every one I thought likely to buy, —in reference to the bidding; was endeavoring to make a sale of this land. I asked for and received a written bid, because I did not want to put up the property or advertise it for sale without I thought it would bring a reasonable sum. . . . . I made every effort I was able to to develop a sale of this property before I made any application to the court for leave to sell." He did receive a written bid from Mr. Clowe, who agreed to make that bid at auction if the land was put up for sale in that way. He says that " the bid I received [from Clowe] was satisfactory to me." The sale was properly advertised, and there was a "fair attendance" at the auction. The property was offered subject to certain mortgages which aggregated forty-seven thousand dollars, and subject also to a certain asserted claim of homestead on a part of the land. The bid which Clowe had made, according to his promise, at the auction was $6,516.26. This bid, considering the mortgages, and not considering the homestead claim, was substantially over fifty-three thousand five hundred dollars. The defendant Wallace raised the

bid a few dollars, and there being no other bid, she got the property at her offer. She went into possession and remained in possession about a year, when she sold various parts of the lands to the other defendants. On its face the sale seems to have been entirely fair. At the trial, some of plaintiff's witnesses, speaking three years after the sale, testified that in their opinion the price was inadequate. But the plaintiff, who had informed himself on the subject, testified that the bid was satisfactory to him at the time. And considering all the evidence on the point, and the delay in bringing the suit, and that mere inadequacy of price is not alone sufficient to warrant a court in setting aside a sale, we would not be warranted in saying that the nonsuit was erroneous on account of the evidence concerning the said inadequacy.

There was, however, some evidence to the point that there was an agreement between the defendant Wallace and Clowe, that the latter, after his first bid, should not bid further against Wallace. There was no evidence to show an attempt to influence any other bidders. This evidence consists of the testimony of the two insolvents, Maples and Uhlhorn, and one other witness, about declarations which they say Mrs. Wallace made. Maples testified that before and immediately after the sale the defendant Wallace told him that she would have to pay Clowe a certain sum of money to keep him from bidding against her, and she had given him her note for that purpose. Uhlhorn testified that in June, 1885, Mrs. Wallace told him that she had given Clowe her note for a certain sum of money to keep him from bidding; and moreover that he had told her at that time that Maples was going to make trouble "about the money given to Clowe, and was going to upset the sale" on that account. One other witness, Nelson, who was in litigation with the defendant, testified that defendant once told him that she paid Clowe money not to bid against her. So that,

if there was any such agreement between Wallace and Clowe, Maples knew of it at the time of the sale, and Uhlhorn must have known of it soon after, because he testifies that he knew of it before June, 1885, at which time he says Mrs. Wallace told him. How long before that he knew it he does not say. And Maples, according to his testimony, was himself a party to the fraud. And according to the plaintiff's testimony, this action was brought at the instigation of Uhlhorn and Maples, who would be the principal gainers by a judgment for plaintiff if the lands are now as valuable as they claim them to be. And indeed, if the lands were as valuable at the time of the sale as they are now asserted to have been, there would have been no apparent necessity for proceedings in insolvency.

Now, it is contended by appellant that, on motion for a nonsuit (although this is an equity suit, in which the court had full control), the court was bound to overlook all other considerations, and to take the testimony of Maples, Uhlhorn, and Nelson, notwithstanding any inconsistencies or improbabilities there may have been in it, as furnishing some evidence that the alleged agreement was made between Wallace and Clowe; and that therefore the court erred in granting the nonsuit. But admitting that, under extreme rules about nonsuit originating in actions at law, where there were juries whose province it was to decide the facts, there was sufficient evidence to establish, *prima facie,* the one fact of the alleged agreement about the bidding at the sale; still that was not the only fact necessary to plaintiff's case. The motion for nonsuit was based upon several grounds, and, among others, that there was delay in bringing the suit, and that it could not be maintained without restoring or tendering to defendant the money which plaintiff had received from her.

Assuming that the alleged contract of Wallace and Clowe about the latter not bidding was void, then, while

it was in an executory form, a court would not have enforced it as between them, but would have left them just where it found them. But the executed contract of the sale of the land from plaintiff to Wallace was not void, although plaintiff, at the proper time and by proper conduct, might have rescinded it, and had it annulled by a court of equity, upon sufficient averments and proofs. But the first requisite of rescission is prompt action. The code says: "He must rescind promptly." (Civ. Code, sec. 1691.) In such a case a party cannot wait until time shall demonstrate whether the contract sought to be rescinded turned out to be good or bad; and this is particularly true in a new country, where values change rapidly. Of course if Uhlhorn and Maples could be considered as the only real parties in interest, there would be no basis whatever for this case. But taking plaintiff in his legal *status* as representing himself, or others besides Uhlhorn and Maples, then his complaint is fatally defective on this point. The only averment on the subject of laches is as follows: "Plaintiff avers that he had no knowledge, at the time of sale and conveyance of the property, of the collusion and fraud practiced by the defendant Emeline Wallace as aforesaid." As one year and a half elapsed between the sale and the commencement of the action, there is no averment that during that time he did not have such knowledge. (*Collins* v. *Townsend*, 58 Cal. 614.) And although this point was made on the motion, there was no offer to amend the complaint. This delay was unreasonable and fatal to the action. (*Bailey* v. *Fox*, 78 Cal. 396; *Burkle* v. *Levy*, 70 Cal. 254.)

Moreover, there is neither averment nor proof that plaintiff ever made any attempt to rescind or make any tender of, or offer to return, anything of value received from defendant previous to the filing of his complaint, or any tender at all. The only averment upon the subject is, that plaintiff is " willing and able to return to the

defendant all the moneys which she paid to him on the purchase of the property, and all the moneys which she has lawfully or legitimately paid out or expended on account of the purchase of said property, and now offers to do so." This is not sufficient. In *Herman* v. *Haffenegger*, 54 Cal. 161, a case very similar to the one at bar, the plaintiff had at least alleged " that prior to the commencement of the action he rescinded the contract, and had offered to return to the defendant what he received thereunder." But the court said: " It nowhere appears that any offer to return was made previous to action brought. . . . . He could not maintain the action until he had so returned, or offered to do so. This was a condition precedent to his maintenance of the action. And as he did not comply with this requisite, the nonsuit was properly granted." (See also *Gifford* v. *Carvill*, 29 Cal. 589, and cases cited; *Collins* v. *Townsend*, 58 Cal. 608; *Bohall* v. *Diller*, 41 Cal. 533.) In the case at bar there is not even any averment or proof of a rescission of the contract, or of any attempt to rescind, to say nothing of the absence of averment or proof of tender or offer to return to defendant anything of value received from her. And under the authorities above cited, this defect in plaintiff's case is fatal.

The exceptions taken to rulings of the court on the admissibility of evidence relate to the question whether the alleged contract about bidding at the sale was in fact made, and to the issue of the adequacy of the price, and are not, therefore, under the views above expressed, important. For the reasons above given, we see no sufficient cause to reverse the judgment of the superior court.

Judgment and order affirmed.

BEATTY, C. J., and WORKS, J., dissented.