BARRY v. ST. JOSEPH'S HOSPITAL AND SANITARIUM OF THE SISTERS OF MERCY et al.

L. A. No. 185; March 10, 1897.

48 Pac. 68.

**Cancellation of Deed — Inadequacy of Price — Ratification.**—Mere inadequacy of price is insufficient to warrant setting aside a sale.

**Deed by Sick Person for Care—Ratification.**—Where a person sick in the hospital makes a deed to it for a certain sum paid and an agreement for further care, and recovers, and for several weeks is able to transact business, and up to the day of his death is satisfied with the transaction, it amounts to a ratification thereof.

**Deed for Care and Support.**—In a Suit to Set Aside a Sale Made in consideration of a promissory note and board and care, plaintiff cannot recover unless she offers to return the note, and pay for the board and the care.

40

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by Margaret J. Barry, administratrix of John M. Little, against the St. Joseph's Hospital and Sanitarium of the Sisters of Mercy and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Trippet & Neale and C. F. Holland for appellant; Parrish & Mossholder and Deney & Wright for respondents.

BELCHER, C.—The plaintiff, as administratrix of the estate of John M. Little, deceased, brought this action to have a deed of three pueblo lots in the city of San Diego, executed by the decedent to the defendant St. Joseph's Hospital and Sanitarium, on February 5, 1895, canceled and set aside, upon the ground that at the time of its execution the grantor was sick and infirm, and mentally incompetent to attend to any kind of business, and that there was no sufficient consideration for its execution. At the trial certain issues were submitted to a jury, and the court made other findings, and gave judgment in favor of the defendants. From that judgment the plaintiff appealed, and has brought the case here on the judgment-roll.

It appears from the findings that on February 5, 1895, Little was sick and confined to his bed in defendant's hospital, and was then in a condition of imbecility or great weakness of mind; that the deed was procured by no undue influence; that the consideration for the deed was not grossly inadequate; and that at the time of its execution the value of the property conveyed was $2,000. It further appears that the consideration for the deed was a written agreement entered into by the parties, under and in pursuance of which the defendant corporation executed and delivered to Little its promissory note for $500, and agreed to furnish him a private room in its hospital, and to support and maintain him for and during the term of his natural life, to furnish, provide and prepare for him proper and sufficient food, and to give him proper care, nursing and medical attendance in sickness, and, upon his death, to provide a respectable burial of his remains. The agreement also provided that, in case of the rescission thereof for any good and reasonable cause by either party, $40 per month from its date to the date of

the rescission should be a just compensation for the board, lodging and medical attendance furnished during said period. It further appears "that on the twenty-sixth day of February, 1895, said Little had so far recovered from his said sickness as to be able to be out of doors and walk about; and that on said twenty-sixth day of February said Little knew he had signed said deed and said contract for a home; and that for several weeks thereafter said Little was able to be out of doors, and to walk about, and to go into the business portion of said city, and able to transact business"; and that on the twenty-seventh day of May, 1895, he died. It also appears that on June 22, 1895, the defendant corporation sold and conveyed the said lots to the defendant Mary J. Moulton; and, as a defense to the action, it is alleged that she purchased the lots for the consideration of $1,450, without any notice or knowledge of the facts set out in the complaint; and it is admitted by appellant that, under these circumstances, the cancellation of the deed of February 5th had become impossible; but it is claimed that the court below could and should have awarded to the plaintiff the alternative relief of damages, and that the amount of damages should have been the difference between the value of the lots, $2,000, and the amount actually paid therefor by the grantee, namely, $500, evidenced by its promissory note, and $40 per month for the board, lodging and medical attendance furnished the grantor during the three months and twenty-two days that elapsed between the date of the deed and his death.

It is argued for appellant that the consideration paid for the deed amounted to only $649.33, while the value of the property conveyed was at that time $2,000; and that such consideration must be held to have been grossly inadequate, notwithstanding the finding to the contrary; and hence that the judgment is not supported or justified by the findings, and should be reversed. But the consideration cannot be limited to the sum named. The agreement was that Little should be furnished with a private room, and board, care and medical attendance in sickness, during the term of his natural life. He was then only seventy years old, and it may have been, and probably was, anticipated by both parties to the agreement that he would live for several years; and, if he had lived a little more than three years longer, the cost of his board, care and medical

attendance, at $40 per month, with the said $500, would have equaled the full value of the land. Besides, mere inadequacy of price is not alone sufficient to warrant a court in setting aside a sale: Hammond v. Wallace, 85 Cal. 522, 20 Am. St. Rep. 239, 24 Pac. 837. Moreover, it appears that, shortly after executing the deed, Little recovered from his sickness, and was on the streets, and for several weeks was able to go into the business part of the city, and transact business, and knew that he had signed the deed and contract for a home; and, so far as appears, he was during all that time, and up to the day of his death, fully satisfied with the transaction. Under these circumstances, he must be held to have ratified and confirmed it. Under our statute a contract may be rescinded for various reasons; but the party desiring to rescind must act promptly, and must restore, or offer to restore, to the other party, everything of value received from him under the contract: Civ. Code, secs. 1689, 1691. Here, conceding that the plaintiff acted with sufficient promptness in commencing the action, still it does not appear that she restored, or offered to restore, the promissory note received by Little, or to pay for the board, care, etc., which he received up to the time of his death. She cannot therefore avail herself of the statute. We advise that the judgment be affirmed.

We concur: Searls, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.