[No. 13617.   Department One. — December 18, 1891.]

ROBERT  R.  FOGEL,  Respondent,  v.  WILLIAM SCHMALZ et al., Appellants.

Nonsuit — Error of Law — Time for Appeal — Review upon Appeal from Judgment. — An error of the trial court committed in granting or denying a motion for a nonsuit is an error of law, and, as such, can be reviewed upon appeal from the judgment, even though such appeal is not taken within sixty days from the rendition thereof.

Id. — Principal and Agent — Conspiracy to Defraud — Conversion — Failure of Proof as to Principal. — When a principal and agent are jointly charged with a conspiracy to defraud the plaintiff out of jewelry which was wrongfully sold to the agent by a third person, and with a joint conversion of the jewelry, a nonsuit should be granted as to the principal, where there is no proof of the conspiracy, nor that the agent acted within the scope or authority of his agency in making the purchase, nor that the principal accepted the fruits of the sale, or in any manner ratified the acts of the agent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Henry H. Davis,* and *Dunne & McPike,* for Appellants.

*H. H. Lowenthal,* for Respondent.

GAROUTTE, J. — The complaint in this action consists of two counts; one of conspiracy, wherein it is charged that the two defendants Schmalz, in company with one Livingstone and one Cohen, co-defendants, conspired with one Parado to cheat and defraud Greensweig & Co. out of large quantities of jewelry, and that such conspiracy was successful, etc.; and the second count alleges a conversion of the said property by these defendants, and praying damages. Judgment went for the plaintiff, and this appeal is prosecuted by the defendants Schmalz from the judgment and order denying a new trial, the action having been dismissed as to the other defendants by the trial court.

In this record we find what purports to be a statement

on appeal, made after a motion for a new trial, upon the minutes of the court, and in that statement it appears that a motion for a nonsuit was made and denied, and an exception to the ruling of the court entered. This ruling is relied upon as error, and under the authority of *Warner* v. *Darrow*, 91 Cal. 309, it cannot be questioned but that an error of the trial court committed in granting or denying a motion for a nonsuit is an error of law, and, as such, can be reviewed upon appeal from the judgment, even though such appeal is not taken within sixty days from the rendition thereof.

There is no evidence whatever tending to show any conspiracy between these defendants, as set forth in the complaint, and upon that count plaintiff's case signally failed. As to the count of the complaint charging a conversion, we think the motion for a nonsuit should have been granted as to the defendant Miriam Schmalz, as there is no evidence in the record in any manner indicating that she was a party to the conversion of this property. All the testimony in the case in any way relating to the defendants Schmalz is the evidence of one Parado, that he sold the property to the defendant William Schmalz at the store corner of Dupont and Sutter streets, and the evidence of the defendant Miriam Schmalz, that she was the wife of her co-defendant Schmalz, and the owner of the pawn-broking business at said place. She further testified: "William Schmalz is the manager of my business. My name appears on the sign over the door. I do not know anything about this case. I know none of the parties. Never saw Parado, and never authorized my husband, who is my agent in the business, to purchase any goods from Parado. I do not know that he purchased any goods from Parado." It appears from the foregoing statement of facts that the defendant Miriam Schmalz was an utter stranger to the transaction, and there is nothing to indicate that she accepted the fruits of the sale, or in any manner ratified the acts of her co-defendant. Such being the case, and no evidence having been introduced

to show that he was acting within the scope or authority of his agency as manager of the business in buying these articles, we see nothing to support an allegation of conversion as far as Miriam Schmalz is concerned, and her motion for a nonsuit should have been granted.

Let the judgment and order be reversed as to the defendant Miriam Schmalz, and the cause remanded; and as to the defendant William Schmalz, let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.