## ANDREW J. SWENSON, APPELLANT *v.* J. J. SNELL, RESPONDENT.

EQUITABLE ACTION—APPEAL—WHEN TESTIMONY CANNOT BE CONSIDERED — MOTION FOR NEW TRIAL NECESSARY. ACTION TO QUIET TITLE AND FOR DAMAGES — WHEN CLAIM FOR DAMAGES IMPROPERLY DISMISSED—COSTS—SEC. 3339 R. S. 1898.

*Equitable Action—Appeal—When Testimony Cannot be Considered —Motion for New Trial Necessary.*

On appeal of an equitable action, the appellate court cannot consider the testimony for the purpose of ascertaining whether the findings of fact are supported by the evidence, unless a motion for a new trial has been interposed and ruled on in the court below.

*Action to Quiet Title and for Damages—When Claim for Damages Improperly Dismissed—Costs—Sec. 3339 R. S. 1898.*

In an action to quiet title to real estate and for damages for the removal of a division fence, a finding that the fence in dispute was built by plaintiff and defendant's grantor in 1884 or 1885 and ever since was "maintained as the agreed, established and undisputed division fence and line, until October 11, 1898, when it was torn down by defendant without

consent of plaintiff and against his will; and that thereby the plaintiff's otherwise enclosed premises were left open, exposed and unprotected against trespassing animals," clearly shows that the plaintiff was entitled to some damages, and to costs under Sec. 3339 R. S. 1898, and a decree, which after quieting plaintiff's title, dismisses his claim for damages and divides the costs between plaintiff and defendant, will be set aside as to such dismissal and division of costs.

(Decided June 6, 1900.)

Appeal from the Third District Court, Salt Lake County. Hon. Ogden Hiles, *Judge.*

Action to quiet title to real estate and for damages for the removal of a division fence. From a judgment and decree for plaintiff quieting his title, defendant appealed. *Reversed.*

*N. J. Sheckell, Esq.*, for appellant.

An objection on the ground of failure to plead special damages is waived if not made when the evidence is offered. *Lashus* v. *Chamberlain*, 6 Utah, 385, and authorities there cited.

One who tears down and removes a division fence constituting a part of a continuous line, is liable for damages caused thereby to another, although he may have owned that part of the fence removed by him as well as the land upon which it stood, under Act April 6, 1899, (21st Leg. 45) making it unlawful for a joint owner or person interested in any dividing fence owned or controlled by any other person to remove it without giving six months' notice. *St. Louis Cattle Company* v. *Gholson*, 30 S. W. 269.

"When the subject of the action is a partition fence between the lands of the two adjoining proprietors it is

presumed to be common property of both, unless the contrary is shown." 2 Greenleaf's Ev. Sec. 617 3d. Ed.

Plaintiff was the prevailing party and was entitled to his costs, as provided by Section 3339 of the Revised Statutes of Utah, Subdiv. 5. ` The costs in this case were not in discretion of the court. Id. Sec. 3341.

Though the plaintiff does not recover the whole of his demand, yet if he brings himself within the provisions of this section, he is entitled to his costs. Deering's Annotated Codes and Statutes of Calf., Vol. 3., Sec. 1022, Subd. 1; *Havens* v. *Dale, et al.*, 30 Cal. 547; *Lawton, et al.* v. *Gordon, et al.*, 37 Cal. 202.

*Frank H. Clark, Esq.*, for respondent.

This court will not disturb the findings of the lower court where there is a substantial conflict in the testimony. *Dewey* v̇. *Snyder*, 2d Utah, 344; *Spencer* v. *Van Cott*, Id. 337; *Walker* v. *Popper*, Id. 281.

In no instance will this court review the facts unless a motion for a new trial was made in the lower court, based upon the evidence, which was not done in this case, and then only upon an appeal from the refusal to grant a new trial. *Snell* v. *Cisler*, 1st Utah, 303; *Spencer* v. *Van Cott, supra; Reed* v. *Burns*, 40 Cal. 628.

BARTCH, C. J.

This is an action to quiet title to real estate and for damages for the removal of a division fence. It is alleged in the complaint, substantially, that the plaintiff is the owner of certain premises adjoining certain other premises owned by the defendant; that his premises were separated from those of the defendant by a fence, which was erected and maintained as the established and undisputed division

fence and line between them, and as such was acquiesced in and consented to by the defendant and his grantors for a period of about fifteen years prior to October 11, 1898; that the fence belonged to the plaintiff and the defendant; that on October 11, 1898, the defendant wrongfully and forcibly, without plaintiff's consent and against his will, tore it down and destroyed it for a distance of six rods, leaving plaintiff's premises open, exposed and unprotected to his damage in the sum of $500; and that the defendant claims some estate or interest in plaintiff's premises along the fence and line, but has no right, title, or interest therein whatever. The prayer is for $500 damages; that the defendant be required to set forth his claim; and that the title be quieted in plaintiff, and the defendant enjoined from asserting any claim to any part of the premises on plaintiff's side of the division fence and line.

The material allegations of the complaint were denied in the answer.

At the trial, among other things, the court found, as follows:

"Second: That said fence was built by the plaintiff and defendant's grantor in 1884 or 1885, and was maintained as the agreed, established, and undisputed division fence and line between the said premises belonging to plaintiff and premises belonging to defendant on the south side of said division fence and line, from the time said fence was built and until the same was torn down by defendant on the 11th day of October, 1898.

"Third: That said division fence was removed by defendant without plaintiff's consent and against his will, leaving plaintiff's otherwise enclosed premises open, exposed and otherwise unprotected against trespassing animals belonging to tenants living on defendant's

premises next to and on the south side of plaintiff's premises.

"Fourth: That all the allegations and averments of the plaintiff's complaint, except as to damages, are true, and all the denials and allegations of the defendant's answer are untrue."

Thereupon by decree the plaintiff's title was quieted in accordance with the prayer of the complaint, his claim for damages dismissed and the costs of the suit divided between the plaintiff and defendant.

The appellant, on this appeal, contends that the decree is erroneous respecting the question of damages and costs.

We are of the opinion that this contention is correct. As will be noticed, the court found that the fence in dispute was built by the plaintiff and the defendant's grantor in 1884 or 1885; that ever since it "was maintained as the agreed, established and undisputed division fence and line," until October 11th, 1898, when it was torn down by the defendant without the consent of the plaintiff and against his will; and that thereby the "plaintiffs otherwise enclosed premises" were left "open, exposed and unprotected against trespassing animals." The court also found generally that all the allegations of the complaint, except as to damages, are true, and that all the denials in the answer are untrue. There having been no motion for a new trial interposed, or ruled upon, we cannot consider the testimony, and hence have no means of ascertaining whether the findings of fact are supported by the proof. Under the findings, however, we are of the opinion that the appellant was entitled to some damages. The tearing down of the division fence, in the manner found by the court was wrongful, and by so doing the respondent rendered himself liable for whatever damages were occasioned thereby to the appellant. We are also of the opinion that the appellant was entitled to costs under section 3339, R. S.

The case must, therefore, be reversed, with costs, and the cause remanded with directions to the court below to set aside its judgment as to costs and of dismissal as to damages, and proceed in accordance herewith.

It is so ordered.

MINER, J., and BASKIN, J., concur.