# FRANK THOMPSON, Respondent, v. S. HAYS, Appellant.

## No. 1263.   (67 Pac. 670.)

1. **Appeal: Record: Motion for New Trial: Assignments of Error: Presumptions.**

Where the record on appeal only shows that defendant's motion to set aside the judgment and for a new trial was denied, but does not show the grounds of the motion, it will not be assumed that the errors complained of on appeal were the ones urged on the motion, all presumptions being in favor of the judgment.[1]

2. **Same: What Considered on Appeal.**

Where the record on appeal does not set forth any motion for new trial, but only an order denying such a motion, the appeal will be considered as though no such motion had been made, and the testimony, errors occurring at the trial, or whether the findings of fact are supported by the proof, can not be considered.[2]

3. **Same: Assignment of Error, What is.**

An assignment that defendant excepts to a certain finding of fact or conclusion of law, without stating that such finding or conclusion is erroneous, is not an assignment of error.

4. **Same: Conclusion of Law: Surplusage: Reversible Error.**

The insertion in a conclusion of law of a statement which is only surplusage, does not constitute reversible error.

(Decided February 6, 1902.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. Ogden Hiles, Judge.*

[1] McKay v. Farr, 15 Utah 261; 49 Pac. 649.

[2] Swenson v. Snell, 22 Utah 191; 61 Pac. 555; Cole v. Bower (Kan.) 36 Pac. 1000; Gum v. Murray (Mont), 9 Pac. 447; Maricopa Co. v. Osborn (Ariz.), 40 Pac. 313; Morse v. Brunswick (Kan.), 8 Pac. 398; Kahn v. Smelting Co., 2 Utah 371.

Action by Frank Thompson against S. Hays. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Frank Hoffman, Esq.,* for appellant.

*Messrs. Stephens & Smith* for respondent.

ROLAPP, District Judge.—This is an appeal had from a judgment against the defendant, Hays. The record in this case is fatally defective for the purpose of examining most of the assignments of error, it only showing that "the defendant's motion to set aside the judgment be, and the same is hereby, overruled, and a new trial denied in the premises;" and that defendant moved for "a rehearing of an order denying the defendant's motion for a new trial," upon which latter motion apparently no action was ever taken; but it wholly fails to set forth any motion for a new trial, or any intention to make such motion; nor does it state or designate any grounds upon which such motion would be or was made. Consequently, the grounds for the motion for a new trial not being in the record, we can not surmise what they were. We can not assume that the errors now complained of as having occurred upon the trial were the grounds relied upon for a new trial. All presumptions are in favor of the judgment of the lower court. McKay v. Farr, 15 Utah 261, 49 Pac. 649. So far, then, as this record is concerned, there has been no motion for a new trial interposed or ruled upon, and we therefore can not consider the testimony, and have no means of determining whether any errors occurred upon the trial, or whether the findings of fact are supported by the proof. Swenson v. Snell, 22 Utah 191, 61 Pac. 555; Cole v. Bower (Kan.), 36 Pac. 1000; Gum v. Murray

(Mont.), 9 Pac. 447; Maricopa Co. v. Osborn (Ariz.), 40 Pac. 313; Morse v. Brunswick (Kan.), 8 Pac. 398.

When the objection is that the evidence does not support the findings, or that the findings are not in accordance with the evidence, it must be brought into the record on a motion for a new trial. Kahn v. Smelting Co., 2 Utah 371. Hence, in this case, the only thing before us is the judgment roll; and here again we are confronted with the question as to whether the appellant has in fact made any assignments of error relating to the findings of fact and conclusions of law. Each intended assignment simply states that the defendant excepts to the finding of fact or conclusion of law, as the case may be, without stating that such finding or conclusion was erroneous. The defendant's exceptions are by no means assignments of error; but, even accepting them as such, the only assignment of error relied upon by defendant, and which is not dependent upon an examination of the evidece for determination, is the exception taken to that part of the fourth conclusion of law which reads as follows: "And, having filed no supplemental complaint for damages, is relegated to a separate action for damages since the filing of said complaint." While this statement might well have been omitted, it is at most only surplusage, and does not constitute any reversible error.

Judgment affirmed, with costs.

BASKIN and BARTCH, JJ., concur.