J. P. PAULSON, Appellant, v. A. E. LYON, Respondent.

No. 1470.     (73 Pac. 510.)

1. Appeal: Evidence: Review.

   Constitution, article 8, section 9, declares that there shall be a right of appeal from all final judgments of the district court, which shall be upon the record made in the court below, and under such regulations as may be provided by law. Session Laws 1901, page 25, chapter 27, provides that in all cases at law tried before the court without a jury all questions of errors in findings of fact and conclusions of law shall be before the Supreme Court without a motion for a new trial. *Held*, that, on appeal, in a cause tried to the court without a jury, the sufficiency of the evidence to support the findings and the conclusions of law might be reviewed, though there had been no motion for a new trial.[1]

2. Sales: Cash on Delivery: Passing of Title: Condition Precedent: Waiver.

   Where goods are sold, to be paid for on delivery, the payment is a condition precedent to passing title, unless such payment is waived at the time, or subsequent to the delivery of the goods.

---

[1]Thompson v. Hays, 24 Utah 275, 67 Pac. 670, distinguished.

**3.  Same:  Waiver:  What Constitutes.**

To constitute a waiver, there must not only be a delivery, but an
intent not to insist on immediate payment as a condition of the
title passing.

**4.  Same:**

Store fixtures were sold, to be paid for on delivery, and immedi-
ately after they were put in the store the seller demanded pay-
ment, and for nearly a month thereafter made repeated de-
mands for the purchase price, when he commenced an action in
claim and delivery; and defendant testified that he had only
accepted the goods temporarily.  *Held,* that the seller never
waived payment or relinquished his title to the goods.

## (Decided August 15, 1903.)

## Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart,* Judge.

Action in claim and delivery to recover the posses-
sion of certain personal property.  From a judgment
in favor of the defendant, the plaintiff appealed.

REVERSED.

*Jas. D. Pardee, Esq.,* and *D. B. Hempstead, Esq.,*
for appellant.

*Messrs. Rogers & Street* and *Willard Hanson, Esq.,*
for respondents.

### STATEMENT OF FACTS.

On September 10, 1901, at Salt Lake City, Utah,
defendant, who is a jeweler, entered into a contract with
plaintiff, who is a showcase maker, for the purchase of
certain articles to be used in defendant's jewelry store.
The contract, so far as material here, is as follows:
"This is to certify that I the undersigned have this day
purchased from J. P. Paulson of Salt Lake City, Utah,
the following described articles: [Then follows an enumer-
ation of the goods, which are described as plate glass

wall cases, counters with plate glass showcases, etc.]
All of the above-described articles to be made of the
very best mahogany.   In consideration of the above I
promise to pay J. P. Paulson, or order, the sum of nine
hundred dollars upon delivery of these goods. [Signed]
A. E. Lyon.   N. Paulson.''   The articles mentioned in
the contract were furnished by plaintiff and placed in
defendant's store, and were ready for use about No-
vember 26, 1901, on which date defendant opened his
store and commenced using them.   At defendant's re-
quest, plaintiff furnished and placed in the store some
extra or additional articles, not mentioned in the con-
tract, of the value of $70.   Immediately after the goods
were put in and were ready for use, plaintiff demanded
payment for the same, and for about a month there-
after made repeated demands of defendant for the pur-
chase price, and on one occasion sent him a written
statement of the bill; but defendant, on one pretext and
another, put him off until December 28, 1901, without
paying the amount due, or any part thereof, except the
sum of $37.50, which was paid about December 24, 1901.
The undisputed  testimony shows that, soon after the
goods were delivered and set up in defendant's store,
he stated that he was very well pleased with them, and
that he had the nicest store in Salt Lake City.   The
defendant testified that his reason for refusing to pay
for the goods was that they were not furnished accord-
ing to the contract.   In what respect he claims the goods
were not as contracted for, does not appear, except that
he stated he had expended $45 in rubbing and polishing
them, and, to quote his own testimony, ''I was willing
to pay him [plaintiff], subject to the proper value that
should have been adjusted.''   Defendant also testified
that he did not accept the goods; that he was compelled
to accept them temporarily.   On December 28, 1901,
plaintiff commenced an action in claim and delivery
against defendant to recover possession of the goods
mentioned, alleging their value to be $970.   Defendant
answered, admitting the value as alleged in plaintiff's

complaint, but denied all the other material allegations therein mentioned. The cause was tried by the court without a jury, and after hearing the evidence which shows the foregoing facts, the court found all the issues in favor of defendant, ordered judgment in his favor, and dismissed plaintiff's complaint. The first and third findings are as follows: "(1) That the defendant now is, and ever since about the 25th day of November, 1901, has been, the owner and in possession, and entitled to the possession, of all the goods and chattels described in the plaintiff's complaint." "(3) That the defendant did not at any time withhold or detain any of said goods or chattels from plaintiff's possession to plaintiff's damage in any sum whatever." Plaintiff appeals.

McCARTY, J., after stating the facts, delivered the opinion of the court.

Respondent contends that, as the appellant made no motion for a new trial, he is not entitled to a review of any of the alleged errors occurring at the trial, nor can he question the sufficiency of the evidence to support the findings of fact or judgment. Section 9, article 8, of the Constitution of this State, provides that "from all final judgments of the district courts there shall be a right of appeal to the Supreme Court. The appeal shall be upon the record made in the court below, and under such regulations as may be provided by law." Chapter 27, p. 25, Sess. Laws Utah 1901, provides as follows: "Upon an appeal from a judgment, all orders, rulings and decisions in the action or proceeding to which exceptions have been taken in the court below, or which are deemed excepted to as provided by this Code, are before the Supreme Court for review, and in equity cases any question of fact, shall be reviewable by the Supreme Court without a motion for a new trial, and in all cases at law tried before the court without a jury, all questions of errors in findings of fact and conclusions of law legally reviewable by the Supreme Court, shall be before the Supreme Court for review

without a motion for a new trial, and either party to the appeal may assign any errors in findings of fact or conclusions of law, or that any findings of fact by the court are not supported by evidence, on appeal to the Supreme Court, without filing a motion for a new trial in the court below;" it will be observed that the provisions of section 9, article 8, Constitution, provide that appeals to this court shall be upon the record made in the district court, and the Legislature is given power to provide by law the manner or mode of procedure by which the record may be made up and brought to this court for review. As section 1, c. 27, p. 25, Sess. Laws 1901, in no way conflicts with the provisions of the Constitution, therefore the appellant is entitled to have the case reviewed to the same extent as though he had made a motion for a new trial, and the same had been overruled. The case of Thompson v. Hays, 24 Utah 275, 67 Pac. 670, and other decisions of this court relied upon by respondent in support of his contention on this point, were appealed before the foregoing statute became a law, and hence do not control in this case.

The contract under consideration expressly provides that the goods shall be paid for on delivery. The well-established rule is that where goods are sold, to be paid for on delivery, as was done in this case, the payment is a condition precedent to passing title, unless such payment is waived at the time, or subsequent to the delivery of the goods. 6 Ency. Law (2 Ed.), 456; 1 Mechem on Sales, 538; Dudley v. Sawyer, 41 N. H. 326; Leven v. Smith, 1 Denio 571; Hammett v. Linneman, 48 N. Y. 399; Daugherty v. Fowler (Kan.), 25 Pac. 40, 10 L. R. A. 314. "To constitute a waiver, there must not only be a delivery, but an intent not to insist upon immediate payment as a condition of the title passing." Globe Milling Co. v. Minneapolis Elev. Co., 44 Minn. 156, 46 N. W. 306; Mechem on Sales, 552. The important question in this case is, does the record show such intent, or a state of facts from which the intent could be reasonably inferred? The

record shows that, immediately after the goods were put in respondent's store and were ready for use, appellant demanded payment, and for nearly a month thereafter made repeated demands on respondent for the purchase price, and, without any unreasonable delay, commenced an action to recover the property. We have made a careful examination of the record, and fail to find any evidence whatever that tends to support the contention that Paulson said or did anything from which it can be inferred that he intended to relinquish his title to the property before it was paid for in full, or that Lyon understood that the title had passed to him. In fact, Lyon himself testified that he only accepted the goods temporarily, and nowhere in the record does it appear that either Paulson or Lyon at any time regarded or treated the same as absolute and unconditional. If there were any evidence whatever to support the foregoing findings, we would not disturb the judgment; but as the evidence is all one way, and shows that Paulson never waived payment or relinquished his title to the goods, the case must be reversed.

It is ordered that the cause be reversed and remanded for a new trial; the costs of this appeal to be taxed against respondent.

BASKIN, C. J., and BARTCH, J., concur.