## TOUSE v. CONSOLIDATED RY. & POWER CO.

### No. 1607 (80 Pac. 506).

APPEAL—REVIEW—ERRORS DEPENDING ON EVIDENCE—MOTION FOR NEW TRIAL.—Under Revised Statutes 1898, section 3304, as amended by Session Laws 1901, page 25, chapter 27, providing that on appeal from a judgment all orders, rulings and decisions in the action to which exceptions have been taken below are before the court for review, and in equity cases any question of fact shall be reviewable without a motion, and, in all cases at law tried without a jury all questions of error in findings of fact and conclusions of law legally reviewable shall be before the Supreme Court for review without a motion for a new trial, errors dependent on the evidence for determination in jury cases cannot be considered on appeal unless they were presented to and passed upon by the trial court on motion for a new trial.

STRAUP, J., dissenting.

(Decided April 11, 1905).

APPEAL from District Court, Salt Lake County; S. W. Stewart, Judge.

Action by Mohr Touse against the Consolidation Railway & Power Company. Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Young & Moyle* for appellant.

*Kinney & Wilson* for respondent.

BARTCH, C. J.

This action was brought to recover damages for personal injuries and injury to property alleged to have been caused through the negligence of the defendant. At the trial the jury returned a verdict in favor of the plaintiff in the sum of $600, and judgment was entered accordingly.

The questions presented on this appeal all relate to alleged errors committed by the court in the admission of testimony, in charging the jury, and in refusing to charge the jury as requested. Counsel for appellant, in their brief, say: "We will only attempt in this brief to bring before the court the admitted evidence of respondent and his witnesses, and from this evidence we contend that it fully appears by every reasonable construction that could be given to the evidence that respondent's negligence contributed to his injury, and that he has no right to recover." Thus the real contention of the appellant is that, by every reasonable construction which can be given to the evidence, the plaintiff is shown to have been guilty of negligence which contributed to the injury, and that therefore he cannot recover. This contention, in our judgment, upon a careful examination of the assignments of error, embraces the only important question presented, which is whether the evidence is sufficient to support the instructions given, and to warrant the refusal of the requests, by the court, one—and the principal one—of which requests was to charge the jury to return a verdict in favor of the defendant, "No cause of action."

Questions of this character, the respondent insists, cannot be reviewed by this court, when, as here, they were not presented to the court below on motion for a new trial; and he relies on section 3304, Revised Statutes 1898, as amended by chapter 27, page 25, Session Laws, 1901. Section 3304, Revised Statutes 1898, provides:

> "Upon an appeal from a judgment all orders, rulings, and decisions in the action or proceeding to which proper exceptions have been taken in the court below or which are deemed excepted to are before the Supreme Court for review."

Under this section, before its amendment, this court held that, in the absence of a motion for a new trial, the testimony could not be examined on appeal to determine errors alleged to have been committed at the trial. In *Thompson v. Hays,* 24 Utah 275, 67 Pac. 670, where it was not clear from the

record whether or not a motion for a new trial had been made and ruled upon it was said:

> "We cannot assume that the errors now complained of as having occurred upon the trial were the grounds relied upon for a new trial. All presumptions are in favor of the lower court. (*Mc Kay v. Farr,* 15 Utah 261, 49 Pac. 649.) So far, then, as this record is concerned, there has been no motion for a new trial interposed or ruled upon, and we therefore cannot consider the testimony, and have no means of determining whether any errors occurred upon the trial, or whether the findings of fact are supported by the proof." (*Swenson v. Snell,* 22 Utah 191, 61 Pac. 555.)

The section as amended by the act of 1901 reads:

> "Upon an appeal from a judgment, all orders, rulings and decisions in the action or proceeding to which exceptions have been taken in the court below, or which are deemed excepted to as provided by this Code, are before the Supreme Court for review, and in equity cases any question of fact, shall be reviewable by the Supreme Court without a motion for a new trial, and in all cases at law tried before the court without a jury, all questions of errors in findings of fact and conclusions of law legally reviewable by the Supreme Court, shall be before the Supreme Court for review without a motion for a new trial, and either party to the appeal may assign any errors in findings of fact or conclusions of law, or that any findings of fact by the court are not supported by the evidence, on appeal to the Supreme Court, without filing a motion for a new trial in the court below."

It will be noticed that the new enactment, to and including the word "review," is practically in the same language as it was before the amendment, and that to this is added a pro-

29 Utah—7

vision changing the then existing law on this subject as to cases in equity and cases in law tried before a court without a jury. The Legislature, thus mentioning these two classes of cases, and making no reference whatever to jury cases, clearly evinced an intention that in the latter class of cases the practice should remain as it was before the amendment, and that in cases tried before a jury, where the court is compelled in most instances to rule without time for reflection, errors, committed during the course of the trial, raising questions dependent upon the evidence for determination, should not be considered in the appellate court unless the court below had been afforded an opportunity to correct such errors by motion for a new trial. Doubtless the reason which actuated this distinction and the change in the rule of practice is found in the fact that in the trial of causes before a court without a jury the court has a better opportunity, in passing upon questions arising in the proceedings, for reflection and deliberation, than it has in causes tried before a jury, and in the further fact that, as a general rule the court, in causes tried without a jury, is presumed to consider, in making its decree or decision, only competent evidence, while it is otherwise as to jury cases. This court recognized the force and effect of the amendment in the case of *Paulson v. Lyon*, 26 Utah 438, 73 Pac. 510, which was an action at law tried before the court without a jury; and the respondent contended that, because the appellant had made no motion for a new trial, he was not entitled to have a review of any of the alleged errors which had occurred at the trial. Mr. Justice McCarty, after referring to the constitutional and statutory provisions on the subject, and construing the amendment in question, said:

> "As section 1, chapter 27, page 25, Session Laws 1901, in no way conflicts with the provisions of the Constitution, therefore the appellant is entitled to have the case reviewed to the same extent as though he had made a motion for a new trial, and the same had been overruled. The case of *Thompson v. Hays*, 24 Utah 275, 67 Pac. 670, and other decisions of

this court relied upon by respondent in support of his contention on this point, were appealed before the foregoing statute became a law, and hence do not control in this case."

From these considerations, we are clearly of the opinion that, under our statute, errors dependent upon the evidence for determination in jury cases cannot be considered on appeal unless the same were presented to and passed upon by the trial court on motion for a new trial. The record in this case presents no question prejudicial to the appellant which this court can consider.

The judgment is therefore affirmed, with costs.

McCARTY, J., concurs.

STRAUP, J., (dissenting.)

1. I cannot concur in the opinion of the majority court. This was an appeal from the judgment. The assigned errors all relate to the admission or exclusion of testimony, on charging the jury, and refusing to charge as appellant requested. Proper exceptions were had and all properly reserved by a bill of exceptions. It seems clear to me such matters are properly before us for review without first requiring a motion for a new trial to have been made before the trial court. They are "rulings" or "decisions in the action or proceeding to which exceptions have been taken in the court below," and, this appeal being from the judgment, the language of the statute in clear terms provides they "are before the Supreme Court for review," without any other condition being imposed. These matters are errors of law, not of fact. I never understood on an appeal from a judgment, section 3304, Revised Statute 1898, required, or that it was the practice, that errors of law properly excepted to in person or by attorney, and properly preserved by a bill of exceptions, could not be reviewed by this court, without first making a motion for a new trial in the court below. To the contrary,

it is my understanding that, on an appeal from a judgment, the rulings and decisions in the action or proceeding to which exceptions have been taken, or which are deemed excepted to, and properly preserved by a bill of exceptions, are before this court for review, without a motion for a new trial, and that such has been the practice here, and has prevailed in our sister states with similar Codes for many years.

"It is never held that a mere question of law cannot be reviewed except when a motion for a new trial has been made. Nor can it with any degree of plausibility be argued that such is the rule. It is the everyday practice under the new system, as well as the old, to take cases to the appellate courts on bill of exceptions, upon which all rulings raising legal questions may be reviewed. Will it be argued, for example, that a question growing out of the instructions or charges to the jury cannot be reviewed except when a motion for a new trial is made? Certainly not; and still it is almost invariably necessary in such cases to review some of the evidence, to enable the appellate tribunal to obtain an understanding of the question. Indeed, so it is with nearly every question of law raised at the trial. It can only be understandingly brought to the attention of the court of review by presenting the evidence bearing upon and illustrating it. A motion for a new trial is not only unnecessary to authorize a review of rulings at the trial, but the much preferable practice is to bring them up by bill of exceptions or in a statement on appeal, as the same object is accomplished without the expense and unnecessary labor of such motion. Thus a party who wishes only to have the questions of law arising during the progress of the trial reviewed may introduce the rulings, with sufficient evidence to point them, into his statement on appeal, or prepare a bill of exceptions as he proceeds, and so bring them to the attention of the appellate

court. This is a practice which, under similar statutory provisions, has not only received the sanction, but the commendation, of the Supreme Court of California." (*Cooper v. Pac. Mut. Life Ins. Co.*, 7 Nev. 120, 8 Am. Rep. 705.)

"Errors in law occurring in the court below will be reviewed in this court, although a new trial was not asked. To hold that a new trial must be asked for in all cases before the error can be reviewed would be in violation of all the settled rules of law on this subject, and would virtually make it necessary for the court below to commit the same error twice before an appeal would lie." (*Brown v. Tolles*, 7 Cal. 398.)

"The point mainly relied upon by the appellant is the error of the court in excluding as evidence the instrument offered as a lease to the land in controversy, executed by the plaintiff's intestate and the defendant. The alleged error can be reviewed upon a bill of exceptions as well as upon a motion for a new trial."

The court then states that the proper practice is to present it on appeal from the judgment by bill of exceptions, instead of first making a motion for a new trial. *Walls v. Preston,* 25 Cal. 62; *Treadwell v. Davis,* 34 Cal. 601, 94 Am. Dec. 770; *Rice v. Gashirie,* 13 Cal. 54; *Fogel v. Schmalz,* 92 Cal. 412, 28 Pac. 444; *Hammond v. Wallace,* 85 Cal. 522, 24 Pac. 837, 20 Am. St. Rep. 239; *Cal. Nat. Bank v. Ginty,* 108 Cal. 148, 41 Pac. 38; *No. 5 Min. Co. v. Bruse et al.,* 4 Colo. 293; *Emerson v. Eldorado Ditch Co.,* 18 Mont. 247, 44 Pac. 969; *Carter v. Seattle,* 21 Wash. 585, 59 Pac. 500; *Kieth v. Wells,* [Colo. Sup.], 23 Pac. 991; *Mercantile Co. v. Fussy* [Mont.], 34 Pac. 189.) These cases also demonstrate that the alleged errors here are errors of law. (See, also, Hayne, New Tr., secs. 100, 112, 120.) Even the error of the court in ruling on a motion for nonsuit is an error of law, and may be reviewed on appeal from the judgment, when properly preserved by bill of exceptions, without mak-

ing a motion for a new trial. (Hayne, New Tr., sec. 112; 1 Spelling, New Tr., secs. 332, 333; *Hammond v. Wallace,* supra;*Fogel v. Schmalz,* supra.)

It has long been the rule in California and other states that the question whether the evidence is sufficient to sustain the verdict or finding or decision can be presented only on motion for a new trial; and, if no motion is made for a new trial in the court below, the findings of the court and verdict of the jury are conclusive as to the facts. In *Swenson v. Snell,* 22 Utah 191, 61 Pac. 555—an equity case—the court, having before it the question as to whether the findings were supported by the evidence, under our statute, applied the above rule. In *Thompson v. Hayes,* 24 Utah 275, 67 Pac. 670, which was also an equity case (while not so appearing in the opinion, yet it does so appear from the record of said case here on file), substantially the same ruling was made. While in the latter case it is not clear just what were the alleged errors· there were before the court, yet from the language in the opinion — especially the following: "When the objection is that the evidence does not support the findings, or that the findings are not in accordance with the evidence, it must be brought into the record on motion for new trial"—it appears the court had before it the same question as was before the court in *Swenson v. Snell.* In view of the decisions of this court in the above cases, requiring a motion for a new trial to be first made, to have matters of fact tried before the court reviewed, said section 3304 was by the Legislature so amended (Sess. Laws 1901, p. 25, c. 27) that, in equity cases and cases at law tried before the court without a jury, any question of fact, error in finding of fact and conclusion, or that the findings are not supported by the evidence, ·may be here reviewed on assigned errors without a motion for a new trial. That is to say, the Legislature enlarged, not restricted, what may be here reviewed without a motion for a new trial. Before this amendment, under said section 3304, on an appeal from a judgment, any ruling or decision in the action or proceeding to which exceptions had been taken, or which was deemed excepted to,

was before this court for review without any motion for a
new trial, and thereunder any error of law could be reviewed
by this court without a motion for a new trial, if properly
excepted to and properly preserved by a bill of exceptions.
The amended statute did not in any manner interfere with
or curtail this provision of the statute, but redeclared the
same in exactly the same language, so that under the said
amended statute the same errors of law can be reviewed
thereunder without a motion for a new trial that could have
been reviewed under section 3304, Revised Statutes 1898;
and by this amended statute, in addition thereto, any ques-
tion of fact tried before the court without a jury can also be
reviewed without first requiring a motion for a new trial to
be made before the trial court. But the majority court here
have construed this statute as an abridgment, rather than as
an enlargment, of what may be reviewed here without a mo-
tion for a new trial, and have, in effect, construed it to
mean that questions of fact in equity cases and cases at law
tried before the court without a jury may be reviewed with-
out a motion for a new trial, but as to errors of law (for that
is all these assigned errors are), a motion for a new trial must
first be made before the court below in all cases before they
can be reviewed.

Can it successfully be contended that an error in ruling
on a demurrer cannot be reviewed without a motion for a new
trial? And yet that is no more an error of law than are
the errors here assigned. But the majority court seems to
hold that these assignments are "questions dependent upon
the evidence for determination," and have thereby here made
applicable what courts have said and made applicable of
questions of sufficiency or insufficiency of evidence to sup-
port the verdict or findings, and when a new trial is necessary
wth respect thereto, to have such matters of fact reviewed.
These assigned errors of law here have been misconceived
and mistaken for errors on the facts. This error of the ma-
jority court is best answered by the Nevada case theretofore
quoted, and also by the following authorities:

"A new trial, and a motion therefor, eliminating the idea of any mere question of law, as applicable to facts, have to deal with a dispute in evidence, and an exception to the decision or verdict on a matter of fact. Bearing this in mind, a conception of what is meant by the term 'insufficiency' of the evidence to justify the verdict or decision' causes less difficulty. The question of the insufficiency of the evidence to justify the verdict or decision grows out of an issue, a conflict, and dispute as to a fact, and it has nothing to do, save incidentally, with the fact conceded to exist, actually or hypothetically, for the purpose of obtaining a ruling of law. Hence, where an objection is made to the admissibility of evidence, which is sustained or overruled an exception being properly saved the truth of the evidence offered must be assumed on review of the error alleged, in connection with the ruling; and to hold that evidence presented to explain such an exception cannot be reviewed, unless contained in a statement on motion for a new trial brought up in a transcript on appeal from the order denying or granting a new trial, would be absurd. Of course, when incompetent, or sometimes immaterial, evidence is admitted, or proper evidence erroneously excluded, on the ground of incompetency, irrelevancy, immateriality, and a right of a party is substantially impaired thereby, a new trial may be properly asked under the statutes regulating new trials and motions therefor, and, if the request be granted, the verdict or decision on the conflict or issue of act previously unfairly arrived at by reason of the exclusion of proper evidence, or the admission of improper evidence, be rectified. But because this is true it does not follow that the question of the admissibility or nonadmissibility of evidence can only be considered and raised on an appeal from an order denying or granting a new

trial." (*Emmerson v. Eldorado Ditch Co., supra.*)

"Where an action is tried by a jury, and a general verdict only is rendered, all the rulings of the court and all the instructions are but aids to the jury in arriving at a general result, which sums up and covers all the facts and all the law applicable to the case. From the nature of such a trial, the questions of law and of fact are answered finally by the jury in one general verdict in favor of one party or the other. If an erroneous verdict has been reached, it may be due either to a misdirection of the court as to the law, or a failure to follow the testimony as to the facts. The Legislature therefor has wisely provided that, whenever a retrial of an issue of fact is sought, and application for that purpose must first be made to the trial court, which has seen the witnesses, heard the testimony and is fully informed as to all that has occurred at the trial. When, however, all questions as to the facts have been eliminated, this court is in as good a position to determine issues of law upon a written statement of facts as any trial court can be, and no necessity exists for the trial court to again pass on the identical questions of law arising in the case. This view of the law has been steadily adhered to by this court in very numerous decisions." (*Ritche v. K., N. & D. Ry. Co.,* 55 Kan. 50, 39 Pac. 718; 1 Spelling, New Tr. & App., sec. 264.)

I think this principle has been recognized by this court, wherein it said:

"We can therefore, in cases at law [under section 9, article 8, of the Constitution], examine the evidence only so far as may be necessary to determine the questions of law, and have nothing to do with the sufficiency of the evidence to justify the findings or judgment, unless there is no proof to support it." (*Whittaker v. Ferguson,* 16 Utah

240, 51 Pac. 980; *Wild v. Railroad,* 23 Utah 271,
63 Pac. 886.)

It is well here also to note that under the California Code,
as well as some other states, an appeal lies not only from the
judgment, but also from an order overruling a motion for
a new trial. On appeal from the judgment all errors of
law excepted to, or deemed excepted to, and preserved by bill
of exceptions, or statement on appeal, are before the appel-
late court for review. When, however, the appeal is only
from the order overruling a motion for a new trial, only the
errors presented on such motion are reviewed, for that is all
that is properly presented in such case for review. This dis-
tinction should be observed in the cases where the California
courts say only the errors presented on motion for new trial
will be reviewed. They are cases where there was no appeal
from the judgment, or where the errors were not of law but
of fact. But under our Code no appeal lies from the order
overruling a motion for a new trial. The appeal is from the
judgment, as was here taken. Where it is desired to present
some matter not already ruled on or decided, such as newly
discovered evidence, misconduct of the jury, etc., of course,
a motion for a new trial is necessary. But in order to have
it here reviewed, it must be preserved by bill of exceptions,
and brought here on an appeal from the judgment, not from
the order overruling the motion. But all errors of law ruled
on or decided, to which proper exceptions were had, and
properly preserved by a bill of exceptions, are here for re-
view on an appeal from the judgment, without a motion for
a new trial.

2. The quotation in the opinion from appellant's brief
is one cutting a sentence in two, and thereby its true meaning
is destroyed. What appellant said in this regard is as fol-
lows: "The case having been submitted to a jury, and this
court not being able to pass upon disputed facts, we will only
attempt in this brief to bring before the court the admitted
evidence of respondent and his witnesses; and from this evi-
dence we contend that it fully appears by every reasonable
construction that could be given to the evidence that respon-

dent's negligence contributed to his injury, and that he has no right to recover. The errors that we will present to this court are therefore errors pertaining to the instructions given and refused by the court, and to the introduction of evidence. These errors will be set out in the argument." It will thus be seen that appellant well recognized the rule so often pronounced by this court—that it is unable to and will not pass upon disputed facts — and therefore counsel very properly presented and relied upon the errors above cited as matters of law. In order that it may be seen just what was before this court, it may be well to state that among the instructions complained of is the following (instruction No. 9): "If you find from the evidence that the defendant was propelling its car at a reasonable rate of speed along East Temple street at the time of this accident, and that the plaintiff, without notice to the defendant, while traveling parallel with the car or track, or coming from an eastern direction, went right in front of the car, without giving notice or warning of his intent, so suddenly or unexpectedly that the defendant, using due care, could not stop its car in time to avoid a collision with plaintiff's wagon, and that defendant was free from negligence, then there will be no cause of action for plaintiff against defendant, and he cannot recover in this case." Among the requests to charge is appellant's request No. 3: "If you find from the evidence that the defendant was propelling its car at a reasonable rate of speed along East Temple street at the time of this accident, and that the plaintiff, without notice to the defendant, while traveling parallel with the car or track, or coming from an eastern direction, went right in front of the car, without giving notice or warning of his intent, so suddenly or unexpectedly that the defendant, using due care, could not stop its car in time to avoid a collision with plaintiff's wagon, then there will be no cause of action for plaintiff against defendant, and he cannot recover in this case." The court was also requested to direct a verdict for the defendant. Among the errors assigned on admission and exclusion of evidence was the refusal to permit an answer to the following, asked on direct examination

of a witness of appellant, who stood on the front end of the street car at the time of the collision: "Q. What were the indications, from where you stood, whether he was going to cross right there, or go on straight up the street,"—and in admitting in evidence from witnesses for respondent, over appellant's objections, and refusing to strike it out on motion, the statement that the car came along at a "very high speed," without in any manner indicating what was meant by or referred to as a high speed.

3. I am not prepared to say that all these rulings were erroneous. I think, though, they are properly before us, and should be received. I am, however, of the opinion that the above instruction No. 9 was erroneous. This instruction, in effect, states the law that, though the plaintiff was negligent in going in front of the car suddenly and unexpectedly, still he was not barred from recovery unless the defendant was free from negligence. I have always understood the converse to be true—though the defendant was negligent still if the negligence of the plaintiff, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, it barred recovery. The court may have had in mind to charge on what is known as the "last clear chance doctrine," but this instruction is far from correctly stating the lay on the subject.

For these reasons, I dissent.