MANATEE COUNTY STATE BANK, A CORPORATION, *Plaintiff in Error*, v. BEN F. WADE AND VICTOR NETTLES, PARTNERS AS THE BEN F. WADE PACKING COMPANY, *Defendants in Error*.

In order for the appellate court upon writ of error to review the sufficiency of the evidence to sustain the verdict or finding a motion for a new trial upon that ground should be duly presented to and acted upon by the trial court which motion and the order made thereon and the exception taken should be evidenced to the appellate court by a proper bill of exceptions; and the facts that the trial was by the judge without a jury,

and that the finding and judgment were excepted to, do not dispense with the necessity for a motion for new trial.

This case was decided by Division A.

Writ of Error to the Circuit Court for Manatee county.

The facts in the case are stated in the opinion of the court.

*Glen & Himes*, for plaintiff in error.

*P. O. Knight* and *C. C. Whitaker*, for defendants in error.

PER CURIAM.—In an action at law tried by the Judge of the Circuit Court for Manatee County without a jury, judgment was entered for the plaintiffs. The defendant excepted to the judgment and took writ of error. No motion for new trial was made, and no errors are assigned except on the sufficiency of the evidence to sustain the finding and judgment.

Questions as to the sufficiency of the evidence to sustain the finding are presented to the trial court by means of motions for new trials in actions at law.

At common law the sufficiency of the evidence to sustain the finding and judgment in an action at law was in general not reviewable by an appellate court. Motions for new trial upon the ground that the evidence did not sustain the finding were addressed to the discretion of the trial court without review. See Carter v. Bennett, 4 Fla. 283; Allen v. Lewis, 38 Fla. 115, 20 South. Rep. 821. Sections 1693, 1694 of the General Statutes, first enacted in 1853, authorized a review by bill of exceptions of motions for new trials denied where exceptions thereto were duly preserved.

It has been repeatedly held that in order for the appellate court to review the sufficiency of the evidence to sustain the verdict or finding there must be a motion for new trial upon the ground duly presented, denied and excepted to in the trial court and all brought by proper bill of exceptions to the appellate court with appropriate assignments of error duly argued.    See Dupuis v. Thompson, 16 Fla. 69, text 73; Davis v. State, 47 Fla. 27, 36 South. Rep. 170; Consumers' Electric Light & St. R. Co. v. Smith, 43 Fla. 52, 29 South. Rep. 445; Knox v. Barnett, 18 Fla. 594; Coleman v. State, 43 Fla. 543, 30 South. Rep. 684; McDonald v. State, 46 Fla. 149, 35 South. Rep. 72; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 South. Rep. 183; 14 Enc. Pl. & Pr. 848; 29 Cyc. 738; Touse v. Consolidated R. & P. Co., 29 Utah 95, 80 Pac. 506; 4 Am. & Eng. Ann. Cases, 299.

The fact that the trial was by the judge without a jury does not dispense with the necessity for a motion for new trial, a ruling thereon and an exception to the ruling, all duly presented by proper bill of exceptions, for the reason that questions as to the sufficiency of the evidence to sustain a finding can only be reviewed by the appellate court by motion for new trial embraced in a bill of exceptions in the manner provided by the statute, such review as to the sufficiency of the evidence not being permissible to all at common law.    Other matters *in pais* may be presented to the appellate court by bill of exceptions without a motion for new trial.    See Williams v. La Penotere, 32 Fla. 491, 14 South. Rep. 157.

The statutes and rules of practice in this State contemplate the making of motions for new trials in cases tried by the judge without a jury and by referee as well as in jury trials.

Chapter 5403, Acts of 1905, relating to motions for

new trials in civil cases does not dispense with motions for new trials in any case where they are properly required.

Findings and judgments are not matters *in pais;* and the exception to the finding and judgment in this case does not dispense with the necessity for a motion for new trial to present question as to the sufficiency of the evidence to sustain the finding and judgment.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.