In re Saparito.

No. 27,569.

In re Habeas Corpus of FRANK SAPARITO, *Appellant*, v. DICK HELMAN, Sheriff of the County of Cherokee, *Appellee*.

(261 Pac. 569.)

SYLLABUS BY THE COURT.

1. HABEAS CORPUS — *Use of Writ* — *Reviewing Irregularities in Judgment.* A judgment of conviction valid on its face rendered by a court which has jurisdiction of the defendant and of the offense charged cannot be opened up or set aside in a habeas corpus proceeding because of mere irregularity.

2. CRIMINAL LAW—*Judgment and Sentence*—*Waiver of Irregularities.* In a prosecution before a justice of the peace a defendant was charged with violation of the prohibitory liquor law in two counts, one for possession and one for maintaining a nuisance. In another and separate prosecution he was charged with selling intoxicating liquor. He pleaded guilty. The justice of the peace entered judgment against him as in one case for violation of the prohibitory liquor law in the three counts. Defendant took no appeal, but served the penalty prescribed on two of the counts and paid costs in all three. *Held,* that he waived the irregularity of the justice of the peace in entering judgment against him as in one prosecution.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed December 10, 1927. Affirmed.

*A. L. Majors,* of Columbus, for the appellant.

*William A. Smith,* attorney-general, and *Leo Armstrong,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:  Frank Saparito pleaded guilty to violation of the prohibitory liquor law and was incarcerated for such offense. He seeks his liberty in a proceeding in habeas corpus, contending that he has served the penalty prescribed and is entitled to release. While the record is not entirely clear, the facts appear substantially as follows:

A case was filed against the petitioner October 23, 1925, containing two counts, one for possession of intoxicating liquors, a second for maintaining a nuisance. A second case was filed against him before the same justice of the peace November 24, 1925, charging him with the sale of intoxicating liquors. He admits that on the

Criminal Law, 17 C. J. p. 48 n. 28.  Habeas Corpus, 29 C. J. pp. 19 n. 41, 25 n. 4, 51 n. 24, 58 n. 2; 51 L. R. A. n. s. 375; 12 R. C. L. 1208.  Judgments, 34 C. J. pp. 511 n. 46, 513 n. 48, 517 n. 98, 555 n. 75.

same day he pleaded guilty to the possession and nuisance counts, while the state contends he pleaded guilty on all three counts. A commitment issued by the justice of the peace reads:

"Whereas, on the 24th day of November, A. D. 1925, in a case then pending before me the undersigned, a justice of the peace, of said city, wherein the state of Kansas was plaintiff, and Frank Saparito, charged with the offense of violation prohibitory liquor law, was defendant, judgment that Frank Saparito be confined to the jail of Cherokee county for thirty (30) days and pay a fine of $100 and costs of this action, being for first count possession. Cost paid."

Second count:

"On sales of whisky, that Frank Saparito be confined in jail of Cherokee county for a period of one hundred twenty (120) days, commencing at the expiration of the first count, December 24, 1925, and ending April 24, 1926, and pay a fine of $400 and costs of this action. Cost paid."

Third count:

"On third count, that of maintaining a nuisance, that Frank Saparito be confined in jail of Cherokee county for a period of thirty (30) days, commencing at the expiration of the second count, being April 24, 1926, and pay a fine of $100 and costs of this action, taxed at $85. Paid.

"And whereas, said Frank Saparito has failed to comply with the conditions of said judgment.

"You are therefore commanded forthwith to take and commit said Frank Saparito to the jail of Cherokee county, there to remain until such judgment be complied with; and of this writ make due return."

The petitioner was committed to jail, took no appeal from the judgment of the justice of the peace, served sixty days, and paid the costs on all three alleged counts. At the expiration of the sixty days he filed an application for a writ of habeas corpus before the probate judge. His petition was denied, whereupon he appealed to the district court, where his petition was again denied.

We are of opinion that the irregularity in the commitment of which the petitioner complains did not render the commitment void. Irregularities, defects or informalities in a judgment or sentence may be corrected on appeal. Petitioner, however, took no appeal from the judgment of the justice of the peace, accepted the judgment and acquiesced therein by serving two months of the jail sentence and by paying the costs on all three counts. Under the circumstances he cannot be heard to complain because of the irregularity in the commitment. (See *In re Terry,* 71 Kan. 362, 80 Pac. 506, 12 R. C. L. 1207.) The habeas corpus proceeding is a collateral attack on the judgment of the justice of the peace, which, even if

irregular, is not void. (*In re Hornung,* 81 Kan. 180, 105 Pac. 23; *State, ex rel., v. Piper,* 103 Kan. 794, 176 Pac. 626; 29 C. J. 25.)

The judgment is affirmed.